# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2008-CA-00688-SCT

*THE ESTATE OF ARDELUA JOHNSON, BY AND THROUGH ALLIE SHAW, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF ARDELUA JOHNSON, AND FOR THE USE AND BENEFIT OF THE WRONGFUL DEATH BENEFICIARIES OF ARDELUA JOHNSON*

*v.*

*GRACELAND CARE CENTER OF OXFORD, LLC, GRACELAND MANAGEMENT COMPANY, INC., GRACELAND HOLDINGS, L. P., GRACELAND INC., LAFAYETTE LTD, INC., KATIE M. OVERSTREET QTIP TRUST, KATIE M. OVERSTREET TRUST, LARRY OVERSTREET AND JOHN B. ("LEY") FALKNER, MARY WILSON*

## ON MOTION FOR REHEARING

| | |
|---|---|
| DATE OF JUDGMENT: | 03/28/2008 |
| TRIAL JUDGE: | HON. HENRY L. LACKEY |
| COURT FROM WHICH APPEALED: | LAFAYETTE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | SUSAN NICHOLS ESTES |
| | CAMERON CHRISTOPHER JEHL |
| ATTORNEYS FOR APPELLEES: | ANDY LOWRY |
| | THOMAS L. KIRKLAND, JR. |
| NATURE OF THE CASE: | CIVIL - WRONGFUL DEATH |
| DISPOSITION: | REVERSED AND REMANDED -08/12/2010 |
| MOTION FOR REHEARING FILED: | 06/07/2010 |
| MANDATE ISSUED: | |

*DESOTO HEALTHCARE, INC. d/b/a DESOTO HEALTHCARE CENTER*

*v.*

*TIMOTHY CONLEY*


DATE OF JUDGMENT:                    10/02/2008
TRIAL JUDGE:                         HON. ROBERT P. CHAMBERLIN
COURT FROM WHICH APPEALED:           DESOTO COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:             ANDY LOWRY
                                     THOMAS L. KIRKLAND
ATTORNEY FOR APPELLEE:               BOBBY F. MARTIN, JR.
NATURE OF THE CASE:                  CIVIL - WRONGFUL DEATH
DISPOSITION:                         AFFIRMED AND REMANDED -08/12/2010
MOTION FOR REHEARING FILED:          06/07/2010
MANDATE ISSUED:

**EN BANC.**

**PIERCE, JUSTICE, FOR THE COURT:**

¶1.     The motion for rehearing is denied.  The previous opinion is withdrawn, and this opinion is substituted therefor.

¶2.     The present matter stems from two cases which were consolidated for purposes of appeal. Both cases involve identical issues: whether a trial court may properly grant a Mississippi Rule of Civil Procedure 12(b)(6) motion to dismiss as to the statute of limitations on a medical-malpractice claim when the complaint alleges the victim was of unsound mind, and did not regain soundness of mind prior to death; and whether all torts alleged against a nursing home which arise from the care of its patients are subsumed in the medical-

2

malpractice cause of action. Assuming, as we must, for Rule 12(b)(6) purposes, that the facts alleged in the plaintiffs' complaints are true, the statute of limitations began to run upon the decedents' deaths. Therefore, neither lawsuit may properly be dismissed pursuant to Rule 12(b)(6). Thus, the trial court's ruling in *DeSoto Healthcare, Inc. v. Conley* is affirmed, and the trial court's ruling in *Estate of Johnson v. Graceland Care Center of Oxford, LLC*, is reversed. Because this issue is dispositive and both cases must be remanded to the trial court, the issue of whether all other causes of action are subsumed in the medical-malpractice cause of action need not be addressed at this time.

## STATEMENT OF FACTS

### *Estate of Johnson v. Graceland Care Center of Oxford, LLC*

¶3. Ardelua Johnson was a resident of Graceland Care Center of Oxford, LLC, from September 1, 2001, until June 8, 2004. Johnson subsequently died on July 16, 2004. Allie Shaw, the executrix of the estate of Ardelua Johnson (hereinafter referred to as "Johnson"), served notice of intent to sue Graceland[1] on July 7, 2006, and subsequently filed suit against Graceland on September 11, 2006. The complaint alleged multiple counts of negligence, medical malpractice, gross negligence, fraud, breach of fiduciary duty, statutory survival claims, and statutory wrongful death.

---

[1] The suit was filed against Graceland Care Center of Oxford, LLC, Graceland Management Company, Inc., Graceland Holdings, LP, Gracelands, Inc., Lafayette Ltd, Inc., Katie M. Overstreet, QTIP Trust, Katie M. Overstreet Trust, Larry Overstreet, John B. ("Ley") Falkner, and numerous other unidentified defendants (collectively referred to as "Graceland.").

¶4.    Graceland filed a Rule 12(b)(6)[2] motion to dismiss the suit on October 26, 2006. Graceland claimed Johnson's medical-malpractice claim was barred by the statute of limitations. Graceland further alleged that Johnson had mischaracterized the other claims against it plead around the medical-malpractice statute of limitations. Finally, the motion alleged that the complaint failed to state a cause of action against the defendants, failed to plead fraud with particularity, and failed to state a cause of action for breach of fiduciary duty.

¶5.    After a hearing on the matter, the trial court ruled that all of the plaintiff's claims arose from alleged medical malpractice by Graceland. The trial court further held that the medical-malpractice statute of limitations began to run the last day Johnson received treatment from Graceland, and therefore, the plaintiff's claims were time-barred. The plaintiff's claims were dismissed with prejudice, and Johnson brings the present appeal.

### *DeSoto Healthcare, Inc. v. Conley*

¶6.    Ester B. Conley was treated at DeSoto Healthcare Center from August 2005 until February 23, 2006, and subsequently died on March 19, 2006. Thomas Conley, the survivor and heir of Ester B. Conley, served notice of intent to sue DeSoto Healthcare on January 10, 2008. Conley then filed the complaint in this matter on May 19, 2008. The complaint alleged negligence, gross negligence, medical malpractice, breach of contract, breach of fiduciary duty, and violation of the Mississippi Unfair and Deceptive Trade Practices Act.

---

[2](b) . . . the following defenses may at the option of the pleader be made by motion: . . .(6) Failure to state a claim upon which relief can be granted.
Miss. R. Civ. P. 12.

4

¶7. DeSoto Healthchare filed a Rule 12(b)(6) motion to dismiss the suit on June 18, 2008, alleging that all of the plaintiff's claims arose out of an alleged medical-malpractice action, and the complaint was time-barred by the medical-malpractice statute of limitations. After a hearing on the matter, the trial court entered an order denying DeSoto Healthcare's motion on October 2, 2008. From that order, DeSoto Healthcare appeals.

## ANALYSIS

¶8. Both cases raise identical issues on appeal:

> **I.  Whether the complaints at issue were filed timely under Mississippi Code Section § 15-1-36.**
>
> **II. Whether the plaintiffs can maintain causes of action apart from medical malpractice, when such causes of action arise out of care and treatment in a nursing home.**

Finding Issue I to be dispositive, we need not address Issue II.

¶9. This Court reviews a motion to dismiss *de novo*. *Scaggs v. GPCH-GP, Inc.,* 931 So. 2d 1274, 1275 (Miss. 2006). When reviewing a motion to dismiss, all of the allegations in the plaintiff's complaint must be taken as true. *Id.* The motion should not be granted unless "it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim." *Id.* (quoting *Lang v. Bay St. Louis/Waveland Sch. Dist.*, 764 So. 2d 1234, 1236 (Miss. 1999)). The findings of the trial court will not be disturbed on review unless they are manifestly wrong, clearly erroneous or an erroneous legal standard was applied. *Id.* (citing *Bell v. City of Bay St. Louis*, 467 So. 2d 657, 661 (Miss. 1985)).

¶10. The plaintiffs' medical-malpractice claims are subject to the statute of limitations found in the Mississippi medical-malpractice act, Mississippi Code Section § 15-1-36(2):

For any claim accruing on or after July 1, 1998, and except as otherwise provided in this section, no claim in tort may be brought against a licensed physician, osteopath, dentist, hospital, institution for the aged or infirm,[3] nurse, pharmacist, podiatrist, optometrist or chiropractor for injuries or wrongful death arising out of the course of medical, surgical or other professional services unless it is filed within two (2) years from the date the alleged act, omission or neglect shall or with reasonable diligence might have been first known or discovered, and . . . in no event more than seven (7) years after the alleged act, omission or neglect occurred.

Miss. Code Ann. § 15-1-36(2) (Rev. 2003).

¶11.　Both plaintiffs assert that the decedents were under the disability of unsoundness of mind while residents at the nursing homes and until the times of their deaths.[4] The Legislature enacted a specific statute of limitations regarding plaintiffs with medical-malpractice claims who are under the disability of unsoundness of mind, which reads as follows:

If at the time at which the cause of action shall or with reasonable diligence might have been first known or discovered, the person to whom such claim has accrued shall be *under the disability of unsoundness of mind*, then such person or the person claiming through him may, notwithstanding that the period of time hereinbefore limited shall have expired, *commence action on such claim at any time within two (2) years next after the time at which the person to whom the right shall have first accrued shall have ceased to be under the disability, or shall have died, whichever shall have first occurred.*

Miss. Code Ann. § 15-1-36(5) (emphasis added) (Rev. 2003). However, both defendant nursing homes claim that subsection (5) of the medical-malpractice statute is limited by subsection (6), which reads as follows:

When any person who shall be *under the disabilities mentioned in subsections (3), (4) and (5) of this section* at the time at which his right shall have first

---

[3] "The term 'institution for aged or infirm' includes nursing homes. . . ." Miss. Code Ann. § 43-11-1 (Rev. 2009).

[4] At this stage in the proceedings, all of the plaintiffs' claims must be taken as true. ***Scaggs v. GPCH-GP, Inc.,*** 931 So. 2d 1274, 1275 (Miss. 2006).

accrued, *shall depart this life without having ceased to be under such disability, no time shall be allowed by reason of the disability* of such person to commence action on the claim of such person *beyond the period prescribed under Section 15-1-55*, Mississippi Code of 1972.

Miss. Code Ann. § 15-1-36(6) (Rev. 2003) (emphasis added). Subsection (6) refers to the limitations period established in Mississippi Code Section § 15-1-55, which reads as follows:

> If a person entitled to bring any of the personal actions herein mentioned, or liable to any such action, shall die before the expiration of the time herein limited therefor, such action may be commenced by or against the executor or administrator of the deceased person, *after the expiration of said time, and within one year after the death of such person*.

Miss. Code Ann. § 15-1-55 (Rev. 2003) (emphasis added).

¶12.    This Court has long held that this section is "applicable only where the death of the person occurs within the last year of the . . . time for the completion of the bar." ***Hambrick v. Jones***, 62 Miss. 240, 8 So. 176, 177 (Miss. 1886). This is because, only when the decedent dies within a year of the applicable statute of limitations, can there be a time period that is both "*after* the expiration of [the applicable statute of limitations], *and* within one year after the death of such person," as required by Mississippi Code Section 15-1-55. Regardless of whether Section 15-1-36(6) incorporates Section 15-1-55 in its entirety, or only the time period prescribed therein, as contended by the defendants, the result is the same.

¶13.    Because it is alleged that both Ardelua Johnson and Ester B. Conley remained under the disability of unsoundness of mind at the time of their deaths, Section 15-1-36(6) points to Section 15-1-55 as the limitations period *only if* there is a period in time which was after the expiration of the medical-malpractice statute of limitations *and* within one year of the decedent's death. In this matter, there is no such time period, because Section 15-1-36(5)

7

allows for an action to be commenced at any time within two years of the decedents' deaths, since the plaintiffs claim their deaths occurred prior to the decedents' ceasing to be under the disability of unsoundness of mind.

¶14.    We can think of no situation in which a person of unsound mind would die without ceasing to be under the disability of unsound mind and within one year of his or her medical-malpractice statute of limitations running – as contemplated by subsection (6) and Section 15-1-55 – because subsection (5) grants that person a two-year limitations period after his or her death.  Therefore, subsection (6) is inapplicable to either case presently before us.

¶15.    Therefore, in the cases before us today, assuming the allegations in the two complaints are true, the respective statutes of limitations began running at the time of the decedents' deaths.  Miss. Code Ann. § 15-1-36(5) (Rev. 2003).  At this stage in the proceedings, neither complaint can be dismissed as untimely under Rule 12(b)(6).

## CONCLUSION

¶16.    Based on the foregoing analysis, the motion to dismiss was properly denied in *DeSoto Healthcare, Inc. v. Conley* and improperly granted in *Estate of Johnson v. Graceland Care Center of Oxford, LLC.*  Because we must assume as true all the allegations in the plaintiffs' complaints, neither matter can be properly dismissed as untimely through a Rule 12(b)(6) motion, because – according to Section 15-1-36(5) – the statute of limitations for neither plaintiff began to run until their deaths.  Therefore, both matters are remanded to their respective trial courts for proceedings consistent with this opinion.

    **AS TO 2008-CA-00688-SCT-*ESTATE OF JOHNSON v. GRACELAND CARE CENTER OF OXFORD, LLC*: REVERSED AND REMANDED; AS TO 2008-IA-01762-SCT-*DESOTO HEALTHCARE, INC. v. CONLEY*: AFFIRMED AND REMANDED.**

8

**WALLER, C.J., CARLSON AND GRAVES, P.JJ., DICKINSON, RANDOLPH, LAMAR, KITCHENS AND CHANDLER, JJ., CONCUR.**