WALLER, Chief Justice,
For The Court.
¶ 1. Gail Saul brought suit, pursuant to the Mississippi Tort Claims Act, against South Central Regional Medical Center for the alleged wrongful death of her father, Raymond Cook. The Jones County Circuit Court granted the hospital’s motion to dismiss the wrongful-death suit against it, finding that the one-year statute of limitations barred Saul’s claims. Finding that Saul’s “wrongful-death” claims were timely brought, and that the discovery rule applied to Saul’s “survival-type” claims, requiring additional evaluation by the trial court, we reverse and remand.
FACTS
¶ 2. On November 15, 2005, Raymond Cook’s gall bladder was surgically removed at South Central Regional Medical Center (“SCRMC”). Shortly thereafter, while still hospitalized, Cook developed an internal abdominal bleed. On November 19, 2005, he suffered a heart attack, lost consciousness, and was placed on a ventilator. Cook never regained consciousness, and on December 2, 2005, Cook was removed from life support. He died on December 6, 2005.
¶ 3. On December 5, 2006, Dale Cook, one of Raymond Cook’s children, sent the hospital a notice-of-claim letter pursuant to the Mississippi Tort Claims Act (“MTCA”). The letter named Gail Saul, Dale Cook, and Dewayne Cook as Raymond Cook’s children. The letter alleged that “[t]he nursing staff at [SCRMC] failed to recognized that Mr. Cook needed [blood] volume replacements [following surgery].... ” The hospital received the letter on December 6, 2006, the one-year anniversary of Cook’s death.
¶ 4. On June 11, 2007, Saul, on behalf of the wrongful-death plaintiffs and as Cook’s personal representative, filed suit for Cook’s alleged wrongful death, against SCRMC and three physicians. According to the complaint, SCRMC staff was negligent in its post-operative care of Cook, and its negligence proximately caused Cook’s death. The hospital moved for dismissal under Mississippi Rule of Civil Procedure 12(b)(6), arguing that the one-year statute of limitations had expired before it received the notice-of-claim letter. In the alternative, the hospital argued that dismissal was warranted because the notice-of-claim letter did not meet the statutory requirements.
¶ 5. Following a brief hearing on the motion, the trial court took the matter under advisement. By order dated August *1039 20, 2008, the trial court dismissed all of Saul’s claims against the hospital without prejudice. The judge found that Saul’s claims against SCRMC were “based on the Hospital’s alleged failure to recognize that Mr. Cook needed blood volume replacement between the dates of November 15, 2005, and November 19, 2005.” Thus, the judge reasoned that the statute of limitations began to run no later than November 19, 2005, the last date Cook was conscious. Because SCRMC received the notice of claim on December 6, 2006, more than one year* after that date, the trial court found that Saul’s claims were barred by the expiration of the one-year statute of limitations.[1] The trial court certified the judgment as final under Mississippi Rule of Civil Procedure 54(b).[2]
STANDARD OF REVIEW
¶ 6. This Court applies a de novo standard of review when examining a trial court’s grant or denial of a motion to dismiss. Burleson v. Lathem, 968 So.2d 930, 932 (Miss.2007) (citing Scaggs v. GPCH-GP, Inc., 931 So.2d 1274, 1275 (Miss.2006); Park on Lakeland Drive, Inc. v. Spence, 941 So.2d 203, 206 (Miss.2006); McLendon v. State, 945 So.2d 372, 382 (Miss.2006); Monsanto Co. v. Hall, 912 So.2d 134, 136 (Miss.2005)). “When considering a motion to dismiss, the allegations in the complaint must be taken as true and the motion should not be granted unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim.” Id. (quoting Scaggs, 931 So.2d at 1275).
DISCUSSION
¶ 7. The trial court dismissed all of Saul’s claims against SCRMC as untimely, relying primarily on this Court’s decision in Caves v. Yarbrough, 2007 WL 3197504 (Miss.2007) (“Caves I”), holding that the discovery rule did not apply to MTCA cases. However, on rehearing, we withdrew Caves I and issued our final opinion in the case, holding that the discovery rule does apply to actions brought under the MTCA. Caves v. Yarbrough, 991 So.2d 142, 155 (Miss.2008) (citing Barnes v. Singing River Hosp., 733 So.2d 199, 205-06 (Miss.1999)). The final Caves decision was not issued until September 25, 2008, slightly more than a month after the trial court dismissed Saul’s claims against SCRMC. On appeal, Saul argues that the discovery rule tolled the statute of limitations for her ■wrongful-death action until she obtained her father’s medical records.
I. Discovery Rule
¶ 8. Saul’s claims against SCRMC, a state-sponsored hospital, are subject to a one-year limitations period under the MTCA. Miss.Code Ann. § 11-46-11(3) (Rev.2002). Our decision in Caves reaffirmed the application of the discovery rule in wrongful-death actions *1040 predicated on allegations of medical malpractice and brought under the MTCA. Caves, 991 So.2d at 155. We followed the “judicially created” discovery rule we originally had incorporated into the MTCA in Barnes v. Singing River Hospital, 733 So.2d 199 (Miss.1999), finding that “justice is best served by applying a discovery standard to such cases.” Caves, 991 So.2d at 154-55 (quoting Barnes, 733 So.2d at 205-06). Thus, we held in Caves that “the limitations period for MTCA claims does not begin to run until all the elements of a tort exist,” and we concluded that “[t]he operative question ... is whether statutory notice was provided within a year next following the earliest date [the decedent] (or his personal representative), by exercise of reasonable diligence, should have known of the injury and the acts or omission which caused them.” Caves, 991 So.2d at 155-56 (emphasis added). We further held in Caves that “the finder of fact ... must decide when those requirements are satisfied.” Id. at 155.
¶ 9. Caves also “explained” that the wrongful-death statute allows an action which includes not only the beneficiaries’ “wrongful-death” claims, such as loss of consortium, society, and companionship, but also the decedent’s own pre-death “survival-type” claims, such as claims for his or her personal injury, property damage, and medical expenses. Caves, 991 So.2d at 148-49.[3] “The statute of limitations for [‘wrongful-death’] claim[s], however, [can] not begin to run until, at the earliest, ... the date of death, and the date [the wrongful-death claimant]’s damages accrued.” Univ. of Miss. Med. Ctr. v. McGee, 999 So.2d 837, 840 (Miss.2008).[4] Since SCRMC received the notice-of-claim letter on the one-year anniversary of Cook’s death, Saul’s “wrongful-death” claims were timely brought, and we need not address the application of the discovery rule to those claims. Thus, we reverse and i-ender the trial court’s dismissal of Saul’s “wrongful-death” claims against SCRMC.
¶ 10. However, applying the discovery rule to the facts of this case, we are unable to determine whether Saul’s “survival-type” claims were timely brought. Cook’s injuries resulted from gall bladder surgery on November 15, 2005. Cook lost consciousness on November 19, 2005, and he did not regain consciousness before he died on December 6. Thus, Cook was conscious for approximately four days after his surgery, and he may have known about his injuries during that time. However, Cook’s injuries were mostly internal and could be characterized as “severe postoperative complications,” which is how the trial court labeled them. The question then becomes, pursuant to the “judicially-created” MTCA discovery rule, whether Cook knew or, in the exercise of reasonable diligence, should have known “the act or omission which caused [his injuries]” Caves, 991 So.2d at 155.[5]
*1041 ¶ 11. Based on the scant record before us, we are unable to answer that question, so we remand this cause to the trial court so that the finder of fact may do so. If the fact-finder determines that Cook did discover, or should have discovered, SCRMC’s allegedly negligent act or omission before he died, then Saul’s “survival-type” claims against SCRMC were untimely because SCRMC received the notice-of-claim letter exactly one year after Cook’s death. However, if Cook did not discover these elements, then all of Saul’s claims were timely brought.
II. Notice of Claim
¶ 12. Pursuant to Mississippi Code Section 11-46-11(1), a potential plaintiff must provide the governmental entity ninety days’ written notice before filing suit. Miss.Code Ann. § 11-46-11(1) (Rev. 2002). Subsection (2) of Section 11-46-11 provides the “seven required categories of information which must be included” in the notice of claim. Miss.Code Ann. § 11 — 46-11(2) (Rev.2002); Parker v. Harrison County Bd. of Supervisors, 987 So.2d 435, 439 (Miss.2008) (quoting S. Cent. Reg’l Med. Ctr. v. Huffy, 930 So.2d 1252, 1257-58 (Miss.2006)). Specifically, Section 11-46-11(2) provides that:
Every notice of claim ... shall be in writing, and ... shall contain a short and plain statement of the facts upon which the claim is based, including the circumstances which brought about the injury, the extent of the injury, the time and place the injury occurred, the names of all persons known to be involved, the amount of money damages sought and the residence of the person making the claim at the time of the injury and at the time of filing the notice.
Miss.Code Ann. § 11-46-11(2) (Rev.2002).
¶ 13. According to SCRMC, even if Saul’s action is not barred by the statute of limitations, the case should be dismissed because the notice-of-claim letter was insufficient. Although the written notice identified Saul as one of Cook’s surviving children, it did not give her address. Instead, the notice-of-claim letter gave the address of Dale Cook, because Dale sent the notice. Thus, SCRMC asserts that notice was insufficient because it did not identify Saul’s residence. We disagree.
¶ 14. The written notice-of-claim letter sent by Dale Cook contained a statement of the facts upon which the claim was based, including the circumstances which brought about Raymond Cook’s injuries, and the time, place, and extent of those injuries, including his alleged wrongful death. The notice also included the names of all persons known to be involved, including Saul, Dale Cook, Dewayne Cook, the doctor who performed the surgery, and the allegedly negligent hospital and nursing staff. The letter also specified the amount of money damages sought by Saul and the Cooks. Finally, the letter gave the residence address of Dale Cook, one of the persons making the claim and the person who sent the notice. Therefore, we find that the notice-of-claim letter complied fully with the requirements of Section 11-46-11(2). Miss.Code Ann. § 11-46-11(2) (Rev.2002); Parker, 987 So.2d at 439.
CONCLUSION
¶ 15. Saul’s “wrongful-death” claims against SCRMC were timely brought, so *1042 we reverse and render the Jones County Circuit Court’s dismissal of those claims. However, applying the “judicially-created” MTCA discovery rule to this case, the record before us does not indicate whether, before he died, Cook “discovered” the act or omission by SCRMC which allegedly caused his injuries. Whether he did or not, and hence, whether Saul’s “survival-type” claims were timely brought, must be decided by the fact-finder. Therefore, we reverse the Jones County Circuit Court’s dismissal of Saul’s “survival-type” claims against South Central Regional Medical Center and remand this cause to that court for further proceedings consistent with this opinion.
¶ 16. REVERSED AND REMANDED IN PART; REVERSED AND RENDERED IN PART.
CARLSON, P.J., DICKINSON, RANDOLPH, LAMAR, CHANDLER AND PERICE, JJ., CONCUR. KITCHENS, J., CONCURS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY GRAVES, P.J.

. In dismissing Saul’s claims, the trial court considered matters outside Saul's complaint and SCRMC’s answer. Thus, the trial court should have converted SCRMC's Rule 12(b)(6) motion into a motion for summary judgment and dealt with it accordingly under Rule 56. Miss. R. Civ. P. 12(b). However, Saul has not asserted as an error the trial court’s failure to convert the Rule 12(b)(6) motion, so we do not address it here. See Edmonds v. Williamson, 13 So.3d 1283, 1289 (Miss.2009) (citing Trinity Mission Health & Rehab of Holly Springs, LLC v. Lawrence, 19 So.3d 647, 651 (Miss.2009); In re Hood ex rel. State Tobacco Litigation, 958 So.2d 790, 815 n. 17 (Miss.2007); Collins v. Tallahatchie County, 876 So.2d 284, 286 n. 5 (Miss.2004)).

. Only the hospital has been dismissed. According to SCRMC’s motion to dismiss, the physicians were not hospital employees, and the MTCA’s one-year statute of limitations does not apply to the claims against these individual defendants.

. When we say "wrongful-death” claims, with quotation marks, we are referring to the beneficiaries' claims, brought within the wrongful-death action, for loss of society, etc. When referring to the entire lawsuit, we say wrongful-death action or wrongful-death suit, without quotation marks.

. To the extent our decision in Jenkins v. Pensacola Health Trust, Inc., 933 So.2d 923 (Miss.2006), implies otherwise, we clarify now that the so-called "wrongful-death” claims included in the wrongful-death action cannot accrue, and the statute of limitations for those claims cannot begin to run, until death.

.Saul is Cook’s personal representative, so her knowledge could be operative as well. Caves, 991 So.2d at 156. But her knowledge, if any, of SCRMC’s alleged negligence was immaterial until Cook died, because she could not have "stepped into Cook’s shoes” until then. Id. at 148. Thus, December 6, 2005, *1041 was the earliest date Saul’s "discovery” of SCRMC's alleged negligence could have triggered the running of the one-year statute of limitations. Were we to apply the discovery rule to Saul’s knowledge alone, therefore, we would conclude that all of Saul’s claims were timely brought because SCRMC received the notice-of-claim letter on December 6, 2006, exactly one year from that date.