GRIFFIS, J„
 

 for the Court:
 

 ¶ 1. This appeal involves claims for medical malpractice and wrongful death. Previously, this Court dismissed the plaintiffs/appellants’ claim, without prejudice, in
 
 Nelson v. Baptist,
 
 972 So.2d 667 (Miss.Ct. App.2007)
 
 (“Nelson
 
 /”). Thereafter, the plaintiffs/appellants provided pre-suit notice and filed another complaint, only for it to be dismissed again by the circuit court. The issues before this Court concern whether the statute of limitations was tolled by the earlier or original complaint
 
 *214
 
 and whether the applicable statute of limitations had expired. Since
 
 Nelson I
 
 was handed down, the Mississippi Supreme Court has changed its interpretation of the pre-suit provisions of the medical-malpractice statute, which we must now recognize as controlling law. We find reversible error in the circuit court’s judgment, and we reverse the judgment and remand this case for further proceedings consistent with this opinion.
 

 PROCEDURAL AND FACTUAL HISTORY
 

 ¶ 2. In 2001, Billy and Gaynelle Nelson were expecting a child. Gaynelle went to the Oxford Clinic for Women (“Clinic”) for prenatal care. Gaynelle’s child was scheduled to be delivered via a Caesarean section.
 
 Id.
 
 at 669 (¶ 2).
 

 ¶ 3. On April 25, 2001, Gaynelle was admitted to Baptist Memorial Hospital— North Mississippi, Inc. (“Hospital”). On April 26, 2001, Billy and Gaynelle’s son, Bobby Nelson, was born. Bobby experienced problems in his birth. Later, Bobby was transferred to another hospital and remained there until he died on July 14, 2001.
 
 Id.
 

 ¶ 4. On July 9, 2003, the Nelsons filed a lawsuit in the Circuit Court of Lafayette County. The complaint alleged that the negligence of the Hospital, the Clinic, Dr. William E. Henderson Jr., and other doctors and employees of the Clinic (“doctors”) had caused the wrongful death of Bobby. The Nelsons’ complaint did not provide the required sixty days’ notice to the defendants before the complaint was filed.
 
 See
 
 Miss.Code Ann. § 15-1-36(15) (Rev.2003). The Nelsons did not attach an expert-consultation certificate to the complaint.
 
 See
 
 Miss.Code Ann. § 11-1-58 (Supp.2009).
 
 See also Nelson,
 
 972 So.2d at 669-70 (¶ 3).
 

 ¶ 5. The Nelsons filed a motion for more time to serve process. On November 3, 2003, Circuit Judge Andrew Howorth entered an order that granted the Nelsons an additional ninety days to serve process. Thereafter, on November 10, 2003, the Nelsons sent the required pre-suit notice to all defendants. The Nelsons then waited sixty days and filed an amended complaint. The amended complaint included the required certificate that stated that their attorney had consulted a qualified expert. The Nelsons then served process on the defendants.
 
 Id.
 
 at 670 (¶ 4).
 

 ¶ 6. Then, Judge Howorth recused himself from the case. It was reassigned to Circuit Judge Henry Lackey. The Hospital then filed a motion to reconsider the ninety-day time-extension order that had been entered by Judge Howorth, which was joined by the other defendants. Upon reconsideration, the circuit court vacated the original order granting the time extension for lack of good cause and dismissed the Nelsons’ claim with prejudice. The circuit court also “found the statute of limitations had expired for the following reasons: (1) failure to give written notice sixty days before filing a medical malpractice claim, (2) failure to include an attorney certificate with the claim, and (3) ineffective service of process.”
 
 Id.
 
 at (¶ 5).
 

 ¶ 7. The Nelsons filed a motion to reconsider. Judge Lackey denied the motion and affirmed his earlier ruling.
 
 Id.
 
 at (¶ 6). The Nelsons appealed. This Court’s opinion made five conclusions. First, the Court held that Judge Lackey had improperly vacated Judge Howorth’s original order that granted the Nelsons’ extension of time to serve process.
 
 Id.
 
 at 672 (¶ 13). Second, the Court held that the Nelsons’ failure to provide the statutory sixty-day notice before commencing the action warranted dismissal.
 
 Id.
 
 at 673 (¶ 17). Third, the Court held that the
 
 *215
 
 Nelsons’ failure to file a certificate that stated that their attorney had consulted a qualified expert also warranted dismissal.
 
 Id.
 
 at 673 (¶ 20). Fourth, the Court held that the question of whether the Nelsons properly served process on the Clinic and the doctors was moot because the circuit court should have dismissed the original action.
 
 Id.
 
 at (¶ 21). Fifth, the Court held that the case should be dismissed without prejudice, rather than dismissed with prejudice.
 
 Id.
 
 at 674 (¶ 23).
 

 ¶ 8. The Mississippi Supreme Court denied certiorari on January 3, 2008. The mandate was issued on January 24, 2008. The issuance of the mandate caused the Nelsons’ lawsuit to be dismissed without prejudice.
 

 ¶ 9. The Nelsons then followed the statutory requirements for pre-suit notice. A new complaint, the instant action, was filed on March 26, 2008.
 

 ¶ 10. The defendants responded with a motion to dismiss. In their motion, the defendants argued that the statute of limitations had expired on April 26, 2003, which was two years after Bobby was born.
 

 ¶ 11. On July 2, 2008, Judge Lackey entered an order that granted the defendants’ motion to dismiss, and he dismissed the instant action with prejudice. Judge Lackey considered “whether the filing of the Original Complaint on July 9, 2003[,] without first giving the Defendants the Sixty[-]Day notice as required by § 15 — 1— 36 MCA tolled the two[-]year Statute of Limitation.” The circuit court determined that the original complaint did not toll the statute of limitations because the Nelsons had failed to follow the statutory requirements with the sixty-day notice and had failed to attach the expert-consultation certificate.
 

 ¶ 12. The Nelsons filed a motion to reconsider. Judge Lackey denied the motion. It is from this judgment that the Nelsons now appeal.
 

 STANDARD OF REVIEW
 

 ¶ 13. We review the circuit court’s grant or denial of a motion to dismiss under a de novo standard of review.
 
 Harris v. Miss. Valley State Univ.,
 
 873 So.2d 970, 988 (¶ 54) (Miss.2004). “When considering a motion to dismiss, the allegations in the complaint must be taken as true, and the motion should not be granted unless it appears beyond a reasonable doubt that the plaintiff will be unable to prove any set of facts in support of his claim.”
 
 Id.
 
 (citation omitted).
 

 ANALYSIS
 

 ¶ 14. The ultimate issue presented in this appeal is whether the statute of limitations expired before the Nelsons had properly asserted their claims. However, this is an unusual case. The same parties with the same claims have previously been before this Court. Following the issuance of the mandate in
 
 Nelson I,
 
 as expected, the plaintiffs filed another action against the same defendants and asserted the same claims. To complicate matters further, in the intervening period from our earlier decision until now, the Mississippi Supreme Court has changed the law that would have now caused a different result than in
 
 Nelson I.
 

 ¶ 15. We will begin with the review of the judgment from which the Nelsons appeal. The circuit court considered “whether the filing of the Original Complaint on July 9, 2003[,] without first giving Defendants the Sixty[-]Day notice as required by § 15-1-36(15) MCA[
 
 1
 
 ] tolled the
 
 *216
 
 two[-]year Statute of Limitation.” Since Bobby was born on April 26, 2001, the defendants argued that the limitations period had ended on April 26, 2003. Thus, they argued that the limitations period ended before the Nelsons’ first complaint was filed. The Nelsons argued that since Bobby died on July 14, 2001, the limitations period would have expired on July 14, 2003, two years after his death. The Nelsons also argued that the period was tolled when they filed their complaint on July 9, 2003, for 120 days plus an additional 90 days by Judge Howorth’s order.
 

 ¶ 16. In the judgment, the circuit court held:
 

 ... The giving of 60[-]days notice of intent to file suit pursuant to § 15-1-36 MCA is jurisdictional. The filing of the first complaint was a nullity and therefore could not toll the [sjtatute of [ljimi-tations.
 
 See Black v. City of Tupelo,
 
 853 So.2d 1221.
 

 Therefore, it is immaterial whether the [sjtatute ran on April 26, 2003 or July 14, 2003. The Plaintiffs did not file a proper lawsuit over which the Court had jurisdiction until long after the two years had expired and therefore this action is time barred.
 

 This matter is time barred and is hereby dismissed with prejudice for failure of the Plaintiffs to file their Complaint within the time allowed by statute.
 

 We consider the two issues that are dis-positive of this appeal.
 

 1. Did the Nelsons’ original complaint toll the statute of limitations or was it a nullity ?
 

 ¶ 17. The circuit court relied on
 
 Black v. City of Tupelo,
 
 853 So.2d 1221, 1225-26 (¶¶ 12-13) (Miss.2003), to conclude that the Nelsons’ original complaint, filed on July 9, 2003, was a nullity. In
 
 Black,
 
 the supreme court considered whether the failure to provide the statutorily required pre-suit notice was necessary under the Mississippi Tort Claims Act (MTCA).
 
 Id.
 
 The supreme court determined that the trial court was correct to dismiss Eddie Black’s case because he had failed to substantially comply with the notice requirement, and as a result, his lawsuit was barred under the MTCA.
 

 ¶ 18. We must examine whether the pre-suit requirements of the MTCA also govern the pre-suit requirements for medical-malpractice actions.
 

 A. Whether the Nelsons’ failure to attach the expert-consultation certificate to the original complaint on July 9, 2003, caused the statute of limitations to continue to run.
 

 ¶ 19. Mississippi Code Annotated section 11-1-58 (Supp.2009) requires that the attorney in a lawsuit against a healthcare provider: (1) perform certain acts prior to filing suit, and (2) when the suit is filed, attach a certificate to the complaint declaring that the required acts were performed. In
 
 Nelson I,
 
 this Court relied on
 
 Walker v. Whitfield Nursing Center, Inc.,
 
 931 So.2d 583, 592 (¶ 33) (Miss.2006), to hold that the Nelsons’ failure to comply with section 11-1-58 warranted dismissal.
 
 Nelson,
 
 972 So.2d at 673 (¶¶ 18-22).
 

 ¶ 20. In
 
 Wimley v. Reid,
 
 991 So.2d 135, 138 (¶ 16) (Miss.2008), the supreme court overruled
 
 Walker.
 
 The supreme court held:
 

 
 *217
 
 In addressing the specific issue presented by today’s case, we are unable to ignore the constitutional imperative that the Legislature refrain from promulgating procedural statutes which require dismissal of a complaint, and particularly a complaint filed in full compliance with the Mississippi Rules of Civil Procedure. We find [sjection 11-1-58’s requirement that a complaint be accompanied by a certificate or waiver to be just such a procedural statute.
 

 In 1981, this Court adopted the Mississippi Rules of Civil Procedure, wherein the requirements for filing a complaint are clearly, unambiguously, and exhaustively set forth. Rule 8(a) requires “a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled.... ” Rule 8(e) provides that averments in the complaint be “simple, concise, and direct,” and that “[n]o technical forms of pleading ... are required.” Section 11-1-58’s requirement that a certificate accompany the filing of the complaint contradicts these provisions of the Mississippi Rules of Civil Procedure. Furthermore, the statutory requirement is totally inconsistent with Rule 8(f)’s requirement that “pleadings shall be so construed as to do substantial justice.”
 

 Id.
 
 at (¶¶ 14-15).
 

 ¶21. After
 
 Wimley, “a
 
 complaint, otherwise properly filed, may not be dismissed, and need not be amended, simply because the plaintiff failed to attach a certificate or waiver.”
 
 Id.
 
 at (¶ 16). However, the plaintiff still must comply with the pre-suit requirements of section 11-1-58 and consult with an expert prior to filing suit.
 
 Id.
 
 at (¶ 20).
 

 ¶ 22. Here, in light of
 
 Wimley,
 
 we must conclude that the Nelsons’ attorney had consulted an expert prior to filing the original complaint. In accordance with the intervening change of law, we find that the Nelsons were in compliance with section 11-1-58. Accordingly, the failure to comply with section 11-1-58 may not be considered as proper authority to dismiss the Nelsons’ claims.
 

 B. Whether the Nelsons’ failure to provide sixty days’ pre-suit notice before filing the original complaint caused the statute of limitations to continue to run.
 

 ¶ 23. Mississippi Code Annotated section 15-1-36(15) provides that:
 

 No action based upon the health care provider’s professional negligence may be begun unless the defendant has been given at least sixty (60) days prior written notice of the intention to begin the action.
 

 ¶ 24. The Hospital claims that since the lawsuit was not lawfully filed, it is without legal effect; thus, the filing failed to toll the statute of limitations.
 

 ¶ 25. In
 
 Price v. Clark,
 
 21 So.3d 509 (Miss.2009), the supreme court recently resolved this issue. The plaintiff failed to comply with notice requirements as required in section 15-1-36 before filing the complaint.
 
 Id.
 
 at 513-15 (¶ 4). The supreme court found that the statute of limitations is tolled when a plaintiff files a complaint, even though they failed to provide the statutorily required pre-suit notice.
 
 Id.
 
 at 522 (¶ 30). The supreme court held that:
 

 Rule 3(a) of the Mississippi Rules of Civil Procedure states “[a] civil action is commenced by filing a complaint with the court.” Ordinarily, when a complaint is filed and properly served, that complaint tolls the running of the statute of
 
 *218
 
 limitations.
 
 Owens v. Mai,
 
 891 So.2d 220, 223 (Miss.2005).
 

 [[Image here]]
 

 While failure to provide proper statutory notice cannot be cured by serving no-tiee-of-claim letters after a complaint is filed, a properly served complaint — albeit a complaint that is wanting of proper pre-suit notice — should still serve to toll the statute of limitations until there is a ruling from the trial court.
 

 Id.
 
 at 521-23 (¶¶ 27, 30).
 

 ¶26. The Hospital contends that the supreme court decision of
 
 Thomas v. Warden,
 
 999 So.2d 842 (Miss.2008) supports its view that the failure to comply with the requirement causes the complaint to have no legal effect and, thus, does not toll the statute of limitations. The defendants also assert that the
 
 Price
 
 and
 
 Thomas
 
 decisions conflict. We disagree.
 

 ¶ 27. In
 
 Thomas,
 
 the plaintiff failed to give the defendants the sixty-day pre-suit notice, and the supreme court found: “because the defendants in this case did not have ‘sixty days’ prior written notice of the intention to begin the action,’ this lawsuit was not lawfully filed, and it is of no legal effect.”
 
 Thomas,
 
 999 So.2d at 846 (¶ 15).
 

 ¶ 28. However, the finding of “no legal effect” did not imply that the filing did not toll the limitations period, as the Hospital argues. In fact, Justice Dickinson, writing for the majority, explicitly stated in
 
 Thomas
 
 that:
 

 this opinion should
 
 not be read as dis-positive of whether the statute of limitations has, or has not, expired.
 
 We do not today address that issue, and hold only that the suit was filed prematurely.
 

 Id.
 
 at 847 n. 3 (emphasis added). The proper remedy for the plaintiffs failure to comply with the pre-suit statutory requirements was “dismissal without prejudice” just as this Court found in
 
 Nelson I.
 

 ¶ 29.
 
 Price
 
 was not the first supreme court decision to conclude that the limitations period is tolled despite a plaintiff failing to comply with the statutory pre-suit requirements. In
 
 Arceo v. Tolliver,
 
 949 So.2d 691, 692 (¶ 3) (Miss.2006)
 
 (“Tol-liver I
 
 ”), the plaintiff filed the original suit for medical malpractice, and like the Nelsons, he failed to send the required pre-suit notice to the defendants. Like
 
 Nelson I
 
 and
 
 Thomas,
 
 the proper remedy was dismissal without prejudice. In
 
 Arceo v. Tolliver,
 
 19 So.3d 67, 73 (¶ 25) (Miss.2009)
 
 (“Tolliver II”),
 
 the supreme court ruled that the limitations period was tolled in
 
 Tolliver I
 
 on the day the plaintiff filed the complaint despite his failure to strictly comply with the notice requirements of section 15-1-36.
 

 ¶ 30. Just as the plaintiffs in
 
 Thomas, Tolliver I,
 
 and
 
 Price,
 
 the Nelsons failed to comply with the statutory notice requirements when they filed their original complaint. Thus, the proper remedy was dismissal without prejudice.
 
 Price, Tolliver I,
 
 and
 
 Tolliver II
 
 clearly establish that the statute of limitations was tolled when the Nelsons filed their original complaint presuming proper service to defendants. There was no question that the Hospital was properly served with process. There remains an issue as to whether service of process on the Clinic and the doctors was obtained, and it will be discussed later in this opinion.
 

 ¶ 31. Accordingly, we find that the circuit court was in error when it determined that the Nelsons’ filing of their first complaint was a nullity and that it did not toll the statute of limitations. Indeed, the Nelsons’ filing of the original complaint tolled the statute of limitations from July 9, 2003, until this Court issued its mandate on January 23, 2008.
 

 
 *219
 

 2. Whether the statute of limitations had expired before the original complaint was filed on July 9, 2003?
 

 ¶ 32. The circuit court did not address when the limitations period began because it found that since the complaint failed to toll the statute of limitations, there was no need to determine when the statute of limitations began to run. Since we find it necessary, we must determine when the statute of limitations began to run and the length of the limitations period.
 

 ¶ 33. The Nelsons argue that, in
 
 Nelson I,
 
 we found that the statute of limitations for the wrongful-death action was two years and that it had began to run on the date of Bobby’s death — July 14, 2001. The Hospital, the Clinic, and the doctors argue that the statute of limitations expired before the Nelsons filed their original complaint on July 9, 2003.
 

 ¶ 34. Here, the plaintiffs’ claim is subject to the Mississippi wrongful-death statute, which provides that “there shall be but one (1) suit for the same death” and that:
 

 Whenever the death of any person or of any unborn quick child shall be caused by any ... negligent act or omission, ... as would, if death had not ensued, have entitled the party injured or damaged thereby to maintain an action and recover damages in respect thereof, ... and such deceased person shall have left [wrongful-death beneficiaries] ..., the [defendant] ... that would have been liable if death had not ensued ... shall be liable for damages, notwithstanding the death....
 

 Miss.Code Ann. § 11-7-13 (Rev.2004).
 

 ¶ 35. The statute of limitations for the wrongful-death action is limited by the statute of limitations for the underlying tort. Here, the underlying tort is medical negligence. It is subject to a two-year statute of limitations pursuant Mississippi Code Annotated section 15-1-36(2) (Rev. 2003).
 

 ¶ 36. Prior to 2006, this Court and the supreme court found that the wrongful-death action began to run on the date of death. However, in
 
 Jenkins v. Pensacola Health Trust,
 
 933 So.2d 923 (Miss.2006), the supreme court changed the law.
 

 ¶ 37. In
 
 Jenkins,
 
 the plaintiff brought a claim for the negligent wrongful death of a nursing home patient.
 
 Jenkins,
 
 933 So.2d at 924 (¶ 2). The tortious conduct occurred on December 31, 1999.
 
 Id.
 
 at (¶ 3). As a result of this conduct, the patient died on October 4, 2001.
 
 Id.
 
 at (¶ 2). The wrongful-death action was filed on December 31, 2002.
 
 Id.
 
 The supreme court found that “a wrongful[-]death claim is subject to, and limited by, the statute of limitations associated with the claims of specific wrongful acts which allegedly led to the wrongful death.”
 
 Id.
 
 at 926 (¶ 12). The supreme court held it was time-barred because it was filed more than three years after December 31, 1999, the date the tor-tious conduct occurred.
 
 Id.
 
 at (¶ 13).
 

 ¶ 38. The
 
 Jenkins
 
 decision had a detrimental effect on wrongful-death beneficiaries’ claims because no one knew when to file their action. Justice Kitchens recently summed up this concern when he stated:
 

 For more than 150 years, the rule in Mississippi was simple: the statute of limitations for claims filed pursuant to the wrongful[-]death statute could not begin to run until death. Yet, beginning with
 
 Jenkins v. Pensacola Health Trust, Inc.,
 
 933 So.2d 923 (Miss.2006), this Court embarked upon a curious and confusing course that has drastically changed and unduly complicated this plain and simple rule, and we have yet to settle on a controlling rule of law.
 

 Saul ex rel. Heirs of Cook v. S. Cent. Reg’l Med. Ctr., Inc.,
 
 25 So.3d 1037, 1042 (¶ 17)
 
 *220
 
 (Miss.2010) (Kitchens, J., concurring in part).
 

 ¶ 39. Now,
 
 Jenkins
 
 has been further clarified. In
 
 Caves v. Yarbrough,
 
 991 So.2d 142, 149-50 (¶ 29) (Miss.2008), the supreme court explained that “where death is not an immediate result of the tort, the limitation periods for the various kinds of claims may not begin to run at the same time.” These claims under the wrongful-death action include the beneficiaries’ “wrongful-death” claims, such as loss of consortium, society, and companionship, as well as the decedent’s own pre-death “survival-type” claims, such as claims for his or her personal injury, property damage, and medical expenses.
 
 Id.
 

 ¶ 40. In
 
 Saul,
 
 25 So.3d at 1040 n. 4, the supreme court explicitly stated that:
 

 To the extent our decision in
 
 Jenkins v. Pensacola Health Trust, Inc.,
 
 933 So.2d 923 (Miss.2006), implies otherwise, we clarify now that the so-called “wrongful-death” claims included in the wrongful-death action cannot accrue, and the statute of limitations for those claims
 
 cannot begin to run, until death.
 

 (Emphasis added).
 

 ¶ 41. Here, the Nelsons asserted two separate claims — a wrongful-death claim and a survival claim based in medical malpractice. Since death was not an immediate result of the alleged negligence, the limitations periods for the two claims may not necessarily begin to run at the same time.
 

 A. Whether the wrongful-death claims expired before the Nelsons filed the original complaint on July 9, 2003.
 

 ¶ 42. The Nelsons argue that the wrongful-death claims accrued on July 14, 2001, the day Bobby died. The Hospital asserts that the wrongful-death claims accrued on April 25, 2001, the same day as the survival claims, because the wrongful-death claims are derivatives of the survival claims. The Clinic and the doctors contend that it does not matter when the claims accrued because the Nelsons failed to properly serve them with process.
 

 ¶43. In
 
 University of Mississippi Medical Center v. McGee,
 
 999 So.2d 837, 840 (¶ 11) (Miss.2008), the supreme court held that because “[t]he statute of limitations for [wrongful-death] claim[s], however, [canjnot begin to run until, at the earliest, ... the date of death, and the date [the wrongful-death elaimant]’s damages accrued.” Thus, we find that the statute of limitations for the Nelsons’ wrongful-death claims began to run on the day Bobby died, which was July 14, 2001. Accordingly, the limitations period for the wrongful-death claims was two years from July 14, 2001, and the limitations period had not expired by the time the Nelsons had filed the original complaint on July 9, 2003.
 

 B. Whether the survival claims expired before the Nelsons filed the original complaint on July 9, 2003.
 

 ¶ 44. The Nelsons also argue that if the cause of action for the survival claims arose on the date of Bobby’s birth, then the statute of limitations was either two years from the date of death, July 14, 2003 or, alternatively, eight years from the day he was born, April 26, 2009, pursuant Mississippi Code Annotated section 15-1-36(3) (Rev.2003).
 

 ¶ 45. The Hospital and the doctors claim that the statute of limitations began to run on the day the alleged negligent acts or omissions occurred — April 25, 2001. The Hospital asserts that the time period was two years from the day Bobby was born. In the alternative, the Hospital contends that, under Mississippi Code Annotated section 15-1-55 (Rev.2003), the limitations period is one year from the date of
 
 *221
 
 Bobby’s death. The Clinic and the doctors contend that, no matter when the period began, the Nelsons’ claims against them had expired because the Nelsons failed to serve them process.
 

 ¶ 46. The survival claim was a claim for medical malpractice. Medical-malpractice claims are subject to a two-year statute of limitations. Mississippi Code Annotated section 15-1-86(2) provides that a medical-malpractice claim “must be brought ‘within two (2) years from the date the alleged act, omission or neglect shall or with reasonable diligence might have been first known or discovered.’ ” If this limitations period applied, the Nelsons’ claim would have accrued two years from April 25, 2001, the day the alleged act, omission, or neglect occurred.
 

 ¶ 47. However, the Mississippi Legislature has provided a specific statute of limitations for a minor plaintiff with a medical-malpractice claim. Mississippi Code Annotated section 15-1-36(8) provides:
 

 [1]f at the time at which the cause of action shall or with reasonable diligence might have been first known or discovered,
 
 the person to whom such claim has accrued shall he six (6) years of age or younger,
 
 then
 
 such minor or the person claiming through such minor
 
 may, notwithstanding that the period of time limited pursuant to subsections (1) and (2) of this section shall have expired,
 
 commence action on such claim at any time within two (2) years next after the time at which the minor shall have reached his sixth birthday, or shall have died, whichever shall have first occurred.
 

 (Emphasis added).
 

 ¶ 48. Nevertheless, the Hospital contends that Mississippi Code Annotated section 15-1-36(6) restricts the limitations period to one year from the day Bobby died. Mississippi Code Annotated section 15 — 1— 36(6) (Rev.2003) provides:
 

 When any person who shall be under the disabilities mentioned in subsections (3), (4) and (5) of this section at the time at which his right shall have first accrued, shall depart this life without having ceased to be under such disability, no time shall be allowed by reason of the disability of such person to commence action on the claim of such person beyond the period prescribed under [selection 15-1-55, Mississippi Code of 1972.
 

 ¶ 49. The Hospital asserts that at the time Bobby’s claims accrued he was under the disability of being a minor and that he “departe[d] this life without having ceased to be under such disability” of his minority.
 
 See id.
 
 Thus, the limitations period can be no more than the period allowed under section 15-1-55 — one year from the date of Bobby’s death. Section 15-1-55 provides:
 

 If a person entitled to bring any of the personal actions herein mentioned, or liable to any such action, shall die before the expiration of the time herein limited therefor, such action may be commenced by or against the executor or administrator of the deceased person, after the expiration of said time, and
 
 within one year after the death of such person.
 

 (Emphasis added).
 

 ¶ 50. The supreme court recently decided this issue in
 
 Estate of Johnson ex rel. Shaw v. Graceland Care Center of Oxford,
 
 41 So.3d 692 (Miss.2010). In
 
 Johnson,
 
 the supreme court consolidated two identical cases for purpose of appeal.
 
 Id.
 
 at 693-94 (¶ 2). The supreme court considered:
 

 whether a trial court may properly grant a Mississippi Rule of Civil Procedure 12(b)(6) motion to dismiss as to the statute of limitations on a medical-malpractice claim when the complaint alleges the victim was of unsound mind, and did
 
 *222
 
 not regain soundness of mind prior to death; and whether all torts alleged against a nursing home which arise from the care of its patients are subsumed in the medical-malpractice cause of action.”
 

 Id.
 
 The supreme court stated that the statute of limitations for plaintiffs with medical-malpractice claims who are under the disability of unsoundness of mind, like the disability of minority, is specifically provided for in section 15-1-36(5).
 
 Id.
 
 at 694-95 (¶ 11).
 

 ¶ 51. In
 
 Johnson,
 
 the plaintiffs filed their medical-malpractice claim within two years after the decedent’s death, and the defendants claimed that the statute of limitations had expired because the limitations period, under sections 15-1-36(6) and 15-1-55, was one year from the decedent’s death.
 
 Id.
 
 The disability of unsoundness of mind and the disability of minority are treated the same under section 15-1-36(6). The supreme court found that:
 

 Because it is alleged that both Ardelua Johnson and Ester B. Conley remained under the disability of unsoundness of mind at the time of their deaths, [sjection 15-1-36(6) points to [s]ection 15-1-55 as the limitations period only if there is a period in time which was after the expiration of the medical-malpractice statute of limitations and within one year of the decedent’s death. In this matter, there is no such time period, because [sjection 15-1-36(5) allows for an action to be commenced at any time within two years of the decedents’ deaths, since the plaintiffs claim their deaths occurred prior to the decedents’ ceasing to be under the disability of unsoundness of mind.
 

 We can think of no situation in which a person of unsound mind would die without ceasing to be under the disability of unsound mind and within one year of his or her medical-malpractice statute of limitations running — as contemplated by subsection (6) and [sjection 15-1-55— because subsection (5) grants that person a two-year limitations period after his or her death. Therefore, subsection (6) is inapplicable to either case presently before us.
 

 Therefore, in the cases before us today, assuming the allegations in the two complaints are true, the respective statutes of limitations began running at the time of the decedents’ deaths. Miss.Code Ann. § 15-1-36(5) (Rev.2003). At this stage in the proceedings, neither complaint can be dismissed as untimely under Rule 12(b)(6).
 

 Johnson,
 
 41 So.3d at 696 (¶¶ 13-15).
 

 ¶ 52. Similar to
 
 Johnson,
 
 we find that section 15-1-36(3) applies to the Nelsons’ action. The date which the alleged cause of action occurred is April 25, 2001, and the plaintiff was a minor. On July 14, 2001, he died while still under the disability of minority. The Nelsons had two years from the date of Bobby’s death to file their action; they had until July 14, 2003, to file their action. Accordingly, the Nelsons’ claims had not expired when they filed their original complaint on July 9, 2003.
 

 ¶ 53. Having concluded the circuit court was in error when it decided that the filing of the first complaint was a nullity and that the original complaint was filed after the expiration of the statute of limitations, the ruling of the circuit court granting the dismissal in favor of the defendants is reversed. This case is remanded for further proceedings consistent with this opinion.
 

 3. Whether service of 'process for the Clinic and the doctors was sufficient pursuant to Rule U of the Mississippi Rules of Civil Procedure.
 

 ¶ 54. The Clinic and the doctors ask this Court to consider whether the service
 
 *223
 
 of process on them was sufficient. Indeed, in
 
 Nelson I,
 
 this Court held:
 

 Assuming proper service of process, filing a complaint tolls the statute of limitations until a suit’s dismissal.
 
 Canadian Nat’l/Ill. Cent. R.R. v. Smith,
 
 926 So.2d 889, 845 (¶ 24) (Miss.2006) (citing
 
 Deposit Guar. Nat’l Bank v. Roberts,
 
 488 So.2d 348, 352 (Miss.1986)). The date a plaintiff files an action is the relevant date for statute of limitation purposes, taking into consideration extensions of time to serve process.
 
 Crumpton v. Hegwood,
 
 740 So.2d 292, 294 (¶ 9) (Miss.1999).
 

 Nelson,
 
 972 So.2d at 671 (¶ 9). Thereafter, this Court decided not to address whether the Nelsons had properly served the Clinic and the doctors.
 

 ¶ 55. Although judicial economy may be served, we decline to consider a matter that was not presented to the circuit court. Nevertheless, on remand, the circuit court may consider this issue.
 

 ¶ 56. THE JUDGMENT OF THE CIRCUIT COURT OF LAFAYETTE COUNTY IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEES.
 

 KING, C.J., LEE and MYERS, P.JJ., IRVING, ISHEE and ROBERTS, JJ., concur. CARLTON, J., concurs in result only. BARNES and MAXWELL, JJ., not participating.
 

 [1]
 

 . Mississippi Code Annotated section 15 — 1— 36(15) provides:
 

 
 *216
 
 No action based upon the health care provider’s professional negligence may be begun unless the defendant has been given at least sixty (60) days’ prior written notice of the intention to begin the action.... If the notice is served within sixty (60) days prior to the expiration of the applicable statute of limitations, the time for the commencement of the action shall be extended sixty (60) days from the service of the notice for said health care providers and others....