BARNES, J„
for the Court:
¶ 1. Diane D. Smith appeals from the order of the Madison County Circuit Court, which affirmed the finding of the Mississippi Workers’ Compensation Commission (Commission) that her claims were time-barred.
¶ 2. The only issue on appeal is whether Smith’s claims are barred by the two-year statute of limitations set out in Mississippi Code Annotated section 71-3-35 (Rev. 2011).
¶ 3. We affirm.
FACTS
¶ 4. Smith began working at Nissan North America Inc. on October 23, 2003. She was a production technician on the assembly line, working in the paint department buffing and sanding and working with robots. She also used a squeegee, screw gun, and vibratory tools.
¶ 5. Smith noted swelling in her hands in January 2007 and was sent to the Nissan clinic, which performed a nerve-conduction study. She was sent back to work with some restrictions and received therapy. She worked light duty until her last day of employment, which was July 22, 2007.
¶ 6. On February 19, 2007, Smith told her family physician, Dr. L.C. Tennin, about her problems with her hands. In his notes Dr. Tennin clearly diagnosed Smith with bilateral carpal tunnel syndrome. Dr. Tennin continued to treat Smith’s symptoms conservatively until he referred her to Dr. Phillip K. Blevins, a hand specialist. Smith was also sent to Dr. Howard Katz by the Nissan clinic on March 20, 2007. Dr. Katz did not feel that her examination was consistent with carpal tunnel syndrome and thought she could have arthritis or tendinitis.
¶ 7. Smith saw Dr. Blevins on May 9, 2007; he sent her to Dr. Graeber for a nerve-conduction study. On her return to Dr. Blevins, Smith was told she had carpal tunnel syndrome, which would require surgery. She continued to work at Nissan until July 22, 2007, when she left because of hypertension.
¶ 8. Dr. Blevins next saw Smith on October 1, 2007. At the time she was twelve weeks pregnant; so he recommended delaying any operative procedure for her carpal tunnel syndrome until after her pregnancy. Dr. Blevins performed a left carpal tunnel release on September 5, 2008, and a right carpal tunnel release on October 15, 2008.
¶ 9. Smith filed two separate petitions to controvert on April 23, 2009, alleging that she had suffered bilateral carpal tunnel syndrome injuries on January 28, 2007, and March 14, 2007. The two claims were consolidated by order on Smith’s motion. Smith then filed amended petitions to controvert stating that the injuries occurred on or about July 23, 2007.
¶ 10. On March 29, 2010, a hearing was held on the sole issue of whether the claims were barred by the statute of limi *323 tations. The administrative judge (AJ) entered an order denying compensation and finding that the statute began to run on February 19, 2007. The Commission affirmed the judgment of the AJ, and the circuit court, in turn, affirmed the denial of Smith’s claim.
STANDARD OF REVIEW
¶ 11. “We will only overturn a decision of the Commission ‘for an error of law or an unsupportable finding of fact.’ ” Shipp v. Thomas & Betts, 13 So.3d 332, 334 (¶ 6) (Miss.Ct.App.2009) (quoting Ga. Pac. Corp. v. Taplin, 586 So.2d 823, 826 (Miss.1991)). “The Court uses a de novo standard of review when reviewing statute of limitations issues.” Id. (citing Stephens v. Equitable Life Assur. Soc’y of the U.S., 850 So.2d 78, 82 (¶ 10) (Miss.2003)).
DISCUSSION
¶ 12. Mississippi Code Annotated section 71-3-35(1), a portion of the Mississippi Workers’ Compensation Law provides: “Regardless of whether notice was received, if no payment of compensation (other than medical treatment or burial expense) is made and no application for benefits filed with the [Commission within two years from the date of the injury or death, the right to compensation therefor shall be barred.”
¶ 13. After hearing all the evidence, the AJ, citing Shipp, found that Smith knew of her carpal tunnel syndrome on February 19, 2007. The affidavit of Dr. Blevins and the medical notes of Dr. Tennin, which were included in the record, both confirm that Dr. Tennin diagnosed Smith with carpal tunnel syndrome on February 19, 2007. There is no assertion that Smith was paid any compensation or salary in lieu of compensation. In fact, she testified that she only missed work for hypertension or pregnancy.
¶ 14. According to the Commission, the petitions to controvert were accepted as filed on April 23, 2009. There was evidence that Smith had attempted to file a consolidated petition on March 19, 2009, which was not accepted, and Smith’s attorney was told to file two separate petitions. If this earlier petition had been accepted, however, Smith’s claims would still be untimely.
¶ 15. Smith argued that the statute did not begin to run until May 9, 2007, when her condition was confirmed by Dr. Blevins. However, her condition did not have to be confirmed by a specialist before the statute began to run. In this case, Smith was diagnosed by Dr. Tennin on February 19, 2007, which is when her condition was “reasonably apparent,” and therefore the statute of limitations began to run at that time.
¶ 16. “Carpal tunnel syndrome is a latent or progressive infirmity and is not immediately recognizable.” Shipp, 13 So.3d at 334 (¶ 8); see also Lucas v. Angelica Unif. Grp., 733 So.2d 285, 288 (¶ 11) (Miss.Ct.App.1998). “A progressive injury occurs when the claimant [is] aware that he acquired an injury that [is] work related.” Baker v. IGA Super Valu Food Store, 990 So.2d 254, 260 (¶ 19) (Miss.Ct.App.2008). When latent or progressive injuries are involved, the time for filing a compensation claim under the two-year statute of limitations “runs from the time [a] compensable injury becomes reasonably apparent.” Tabor Motor Co. v. Garrard, 233 So.2d 811, 817 (Miss.1970). Generally, the time when the injury becomes reasonably apparent is an issue of fact for the Commission to determine. Id. We are bound by the Commission’s findings of fact when that decision is based upon substantial evidence. Jordan v. Pace Head Start, 852 So.2d 28, 30 (¶ 4) (Miss.Ct.App.2002) *324 (citing Harper v. N. Miss. Med. Ctr., 601 So.2d 395, 397 (Miss.1992)).
¶ 17. Based on the evidence presented at the hearing, the AJ found that Smith’s workers’ compensation claim for bilateral carpal tunnel syndrome began running on or before February 19, 2007. The AJ therefore found that Smith’s claim was time-barred under the statute of limitations because Smith did not receive any disability income for her injury and because she did not file her claim within two years of her injury. The Commission affirmed the judgment of the AJ, thereby making the AJ’s factual findings its own.
CONCLUSION
¶ 18. The Commission found that Smith had not filed a workers’ compensation claim within two years of her injury becoming reasonably apparent, which precluded her claims under the two-year statute of limitations in Mississippi Code Annotated section 71-3-35(1). This finding is based on substantial evidence. We are therefore bound by the Commission’s finding of fact in this case and affirm.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR.