ISHEE, J.,
for the Court:
¶ 1. Cynthia Johnson was employed by the City of Jackson (the City) as a deputy court clerk from April 16, 2003, until January 21, 2011. On January 20, 2011, Johnson reported to the City that she was suffering from carpal tunnel syndrome as a result of her work. Johnson immediately began receiving medical treatment. She also began receiving indemnity benefits from the City. The City continued to pay Johnson’s medical and indemnity benefits until they were suspended in November 2011, when the City claimed that the benefits had been provided in error. On November 21, 2011, Johnson filed a petition to controvert with the Mississippi Workers’ Compensation Commission. The City filed a motion to dismiss, asserting that Johnson was reasonably aware of the com-pensable work-related injury as early as June 2008, and thus the two-year statute of limitations barred her claims. The administrative judge (AJ) denied the City’s motion regarding Johnson’s claims of ulnar neuropathy and complex regional pain syndrome, but granted it as to her claims of carpal tunnel syndrome and depression. Both parties petitioned the Commission for review. The Commission dismissed all of Johnson’s claims as barred by the statute of limitations. Aggrieved, Johnson appeals. We hold that all of Johnson’s claims are barred by the two-year statute of limitations and affirm the Commission’s judgment.
FACTS AND PROCEDURAL HISTORY
¶ 2. On June 6, 2008, Johnson went to her family doctor, Dr. Stephen Coachys, complaining of pain in her arms and hands, as well as high blood pressure and dizziness. Based on findings from his evaluation of Johnson, Dr. Coachys administered a nerve-conduction study on June 9, 2008. The results of the study indicated that Johnson had carpal tunnel syndrome and ulnar neuropathy.
¶ 3. Later that month on June 20, 2008, Johnson visited Dr. Coachys for treatment of depression and anxiety. During this visit, Dr. Coachys reviewed the results of the nerve-conduction study with Johnson and referred her to an orthopedist for further evaluation regarding corrective surgery for her injury. However, Johnson refused the surgical referral and continued *770 working. During this time Johnson did not file any work-related-injury claims.
¶ 4. Johnson again visited Dr. Coachys on January 14 and 21, 2011, with primary complaints of bilateral hand pain. On January 21, 2011, she requested a referral to an orthopedist or physical therapist for her bilateral hand pain. Johnson initially saw specialist Dr. Chris Etheridge, but did not pursue treatment with him because she disagreed with his treatment recommendation. Regardless, Johnson’s intake form for Dr. Etheridge lists complaints of bilateral hand problems that started on June 6, 2008.
¶ 5. Dr. Coachys referred Johnson to Dr. David Gandy, who diagnosed her with bilateral carpal tunnel syndrome and possible ulnar neuropathy on both arms on March 2, 2011. Dr. Gandy noted in his deposition that Dr. Coachys had previously diagnosed Johnson with carpal tunnel syndrome in 2008, and that Johnson had been having problems with her hands and wrists since 2008.
¶ 6. Dr. Gandy performed surgery on Johnson to alleviate the pain in her right arm on April 6, 2011. On November 22, 2011, Johnson began seeing Dr. Leon Gri-goryev for pain-management therapy due to her complaints of more upper-arm pain. Dr. Grigoryev diagnosed Johnson with a type of complex regional pain syndrome based on a diagnostic test that he had administered on October 26, 2011. Dr. Grigoryev’s notes also indicated that Johnson had been suffering from carpal tunnel syndrome since June 2008.
¶7. In November 2011, the City suspended Johnson’s medical and indemnity benefits. Dorothy “Dot” Thomas, the claims supervisor for the City’s risk-management department, testified that Johnson’s benefits were based on the June 2008 injury, although payments did not start until the injury was reported in January 2011. Thomas testified that Johnson received benefits for services rendered by Dr. Coachys, Dr. Etheridge, and Dr. Gan-dy, as well as the surgery performed by Dr. Gandy. Although the claims were initially reviewed and approved by Greg Burnett, the City’s attorney at the time, the City eventually determined that Johnson’s claims were time-barred. Hence, the City suspended her benefits.
¶ 8. Johnson filed a petition to controvert with the Commission on November 21, 2011, alleging that she had suffered a compensable work injury on January 21, 2011, ie., her last day of employment with the City. The City filed a motion to dismiss Johnson’s claim, alleging that the statute of limitations began running on Johnson’s claim in 2008, and thus, the claim was time-barred when she reported the injury in January 2011. Following a hearing on the motion, the AJ denied the motion in regard to Johnson’s claims of ulnar neuropathy and complex regional pain syndrome, and granted the motion in regard to her claims of carpal tunnel syndrome and depression.
¶ 9. The City filed a petition for review while Johnson filed a cross-petition for review of the depression claim and for clarification on the ruling on the carpal-tunnel-syndrome claim. The Commission affirmed the AJ’s ruling regarding depression and carpal tunnel syndrome and reversed the ruling regarding ulnar neu-ropathy and complex regional pain syndrome. The Commission thus dismissed all of Johnson’s claims as barred by the statute of limitations.
DISCUSSION
¶ 10. Johnson has identified four compensable injuries that she suffered as a result of her work for the City of Jackson: (1) carpal tunnel syndrome, (2) ulnar neu- *771 ropathy, (3) complex regional pain syndrome, and (4) depression. The Commission determined that all of her claims were barred by the statute of limitations, which reads:
No claim for compensation shall be maintained unless, within thirty (30) days after the occurrence of the injury, actual notice was received by the employer or by an officer, manager, or designated representative of an employer.... Regardless of whether notice was received, if no payment of compensation (other than medical treatment or burial expense) is made and no application for benefits filed with the [Cjommission within (2) years from the date of the injury or death, the right to compensation therefore shall be barred.
Miss.Code Ann. § 71-3-35(1) (Rev.2011). This Court analyzes the applicability of a statute of limitations under a de novo standard of review. Brown v. Ill. Tool Works Inc., 135 So.3d 160, 165 (¶ 20) (Miss.Ct. App.2013). We will not disturb the factual findings of the Commission unless they are unsupported by substantial evidence. Morris v. Lansdell’s Frame Co., 547 So.2d 782, 784 (Miss.1989) (citation omitted).
¶ 11. Carpal tunnel syndrome is recognized as a latent or progressive injury that is not immediately recognizable. See, e.g., Smith v. Nissan N. Am., 102 So.3d 321, 323 (¶ 16) (Miss.Ct.App.2012); Shipp v. Thomas & Betts, 13 So.3d 332, 334 (¶ 8) (Miss.Ct.App.2009); Lucas v. Angelica Uniform
Grp., 733 So.2d 285, 288 (¶ 11) (Miss.Ct. App.1998). With such latent injuries, “the claim period for the statute of limitations runs from the time the compensable injury becomes reasonably apparent.” Brown, 135 So.3d at 165 (¶ 19). The question of when an injury becomes reasonably apparent is an issue of fact for the Commission to determine. Id. This Court will reverse the findings of the Commission when, “although there is some slight evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been made by the Commission in its findings of fact.” Waffle House Inc. v. Allam, 976 So.2d 919, 921-22 (¶ 8) (Miss.Ct.App.2007) (citation omitted).
¶ 12. In the case at hand, the Commission determined that Johnson was or should have been reasonably aware that she had sustained work-related carpal tunnel syndrome and ulnar neuropathy injuries on the date of her diagnosis by Dr. Coachys on June 6, 2008. While it is true that Johnson was not definitively or explicitly diagnosed with carpal tunnel syndrome or ulnar neuropathy until a later date, this Court has previously held that it is “not necessary for the carpal tunnel syndrome to be first diagnosed through the nerve-test procedure.” Brown, 135 So.3d at 165 (¶ 23); see also Smith, 102 So.3d at 323 (¶ 15) (finding the “[claimant’s] condition did not have to be confirmed before the statute began to run”). Instead, “the two-year limitation statute does not begin to run until by reasonable care and diligence it is discoverable and apparent that a com-pensable injury has been sustained.” Pepsi Cola Bottling Co. v. Long, 362 So.2d 182, 184 (Miss.1978) (citation omitted).
¶ 13. Johnson contends that the two-year statute of limitations does not begin to run until a claimant’s disability progresses to the point that she is forced to quit her job. See Jenkins v. Ogletree Farm Supply, 291 So.2d 560, 565 (Miss. 1974). However, Johnson’s reliance on Jenkins is misplaced. In Jenkins, the Mississippi Supreme Court was primarily concerned with addressing whether the claimant’s injury “occurred within a reasonably definite and not too remote period of time.” Id. at 567. The court did not *772 address the date from which the statute of limitations began to run because the issue was not raised on appeal. Id. at 562. In the face of caselaw explicitly stating that the statute of limitations runs from the point that a work injury has become reasonably apparent, we do not find the holding in Jenkins, which makes no qualitative judgment regarding the statute of limitations, applicable.
¶ 14. Instead, we find that there is substantial evidence available on the record that Johnson’s carpal tunnel syndrome and ulnar neuropathy were reasonably discoverable and apparent on June 6, 2008. The Commission noted that on this date, Dr. Coachys diagnosed Johnson with signs indicative of carpal tunnel syndrome and ulnar neuropathy. In his deposition, Dr. Coachys testified that based on these signs and Johnson’s occupation, he determined on June 6, 2008, that Johnson quite possibly had carpal tunnel syndrome. Further, the intake forms of Dr. Etheiidge and Dr. Gandy both indicated hand and arm injuries with a start date of June 6, 2008. Dr. Gandy’s intake form explicitly noted that the injuries started as a result of typing, data entry, and filing. Taken together, the evidence supports the Commission’s finding that Johnson knew or should have known of her carpal tunnel syndrome and ulnar neuropathy as early as June 6, 2008.
¶ 15. Additionally, we find that the testimony of Dr. Coachys provides ample evidence that Johnson should have reasonably been aware of a compensable work-related injury on June 20, 2008. On that date, Dr. Coachys explained the results of the nerve-conduction study with Johnson, provided her with medication for treatment, and suggested an appointment with an orthopedist for her injury. Johnson refused to act on this suggestion. Reasonable diligence must be exercised by the claimant to confirm the occurrence of a compensable injury. Pepsi 362 So.2d at 184 (citation omitted). Had Johnson exercised due diligence, her carpal tunnel injury should have easily been recognized as early as June 6, 2008, or at the latest by June 20, 2008. Using either date, the filing of Johnson’s claim on November 21, 2011, was well outside of the two-year statute of limitations. As such, we affirm the Commission’s dismissal of Johnson’s carpal-tunnel-syndrome and ulnar-neuro-pathy claims.
¶ 16. Having determined that the date of Johnson’s carpal-tunnel-syndrome and ulnar-neuropathy injuries falls outside of the two-year statute of limitations, we find that Johnson’s claim for complex regional pain syndrome is also time-barred. Dr. Grigoryev testified that Johnson’s complex regional pain syndrome arose directly out of surgery undertaken to fix her ulnar neuropathy. In such cases,
[w]hen the primary injury is shown to have arisen out of and in the course of employment, every natural consequence that flows from the injury likewise arises out of the employment, unless it is the result of an independent intervening cause attributable to [the] claimant’s own intentional conduct.
John R. Bradley & Linda R. Thompson, Mississippi Workers’ Compensation § 4:24, at 114 (2015).
¶ 17. Hence, while Johnson’s complex regional pain syndrome is a compen-sable consequence of an original work-related injury, the presence of such an injury does not revive a time-barred claim. “Once a claim is barred by limitations, the otherwise compensable disability becomes that ‘of the claimant alone’ and it may not be revived as a compensation claim.” Var-danian S. Dunn, Mississippi Workers’ Compensation § 259.1, at 315 (3d ed.1982). As such, when the statute of limitations *773 ran on Johnson’s ulnar-neuropathy claim in June 2010, Johnson was barred from asserting any further claims that might arise out of that injury, including claims arising from treatment such as Johnson’s complex-regional-pain-syndrome claim. Accordingly, we affirm the Commission’s dismissal of Johnson’s complex-regional-pain-syndrome claim.
¶ 18. Finally, on the issue of Johnson’s depression claim, we find that there is clear, substantial evidence supporting the Commission’s determination that Johnson’s depression began on or before June 20, 2008. The testimony and records of Dr. Coachys clearly show that Johnson complained of depression and received medication for depression as early as June 20, 2008. Johnson now attempts to claim that her depression was not a compensable . injury until January 2011. We agree with the Commission’s determination that Johnson was aware of a com-pensable injury in June 2008, and accordingly affirm the Commission’s dismissal of Johnson’s claim for depression.
CONCLUSION
¶ 19. In each of Johnson’s claims, there is substantial evidence to support the Commission’s findings of fact regarding the start date of Johnson’s compensable work-related injury. The Commission’s determination that Johnson’s carpal tunnel syndrome and ulnar neuropathy were reasonably apparent on June 6, 2008, is supported by the testimony and documents of Johnson’s various doctors. The testimony further supports a finding that, even if these injuries were not reasonably apparent on June 6, 2008, they were reasonably apparent on June 20, 2008, following Dr. Coachys’s discussion of the nerve-conduction study. Regardless of the date chosen, Johnson failed to submit her carpal-tunnel and ulnar-neuropathy claims within the two-year statute of limitations, barring these claims and any claims arising directly out of them, including Johnson’s complex-regional-pain-syndrome claim. Further, the record clearly shows that Johnson was well aware of work-related depression as early as June 20, 2008, over two-years before she filed her claim for depression. Accordingly, we affirm the Commission’s dismissal of each of Johnson’s claims, finding each claim to be time-barred by the statute of limitations.
¶ 20. THE JUDGMENT OF THE MISSISSIPPI WORKERS’ COMPENSATION COMMISSION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.