# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2022-WC-00206-COA

**PATRICIA SMITH PARKER**                                          **APPELLANT**

**v.**

**CANTON MANOR AND MISSISSIPPI HEALTH**           **APPELLEES**
**CARE ASSOCIATION**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/01/2022 |
| TRIBUNAL FROM WHICH APPEALED: | MISSISSIPPI WORKERS' COMPENSATION COMMISSION |
| ATTORNEYS FOR APPELLANT: | BENNIE L. JONES JR. ROBERTA LYNN HAUGHTON |
| ATTORNEYS FOR APPELLEES: | BETTY B. ARINDER LANA E. GILLON |
| NATURE OF THE CASE: | CIVIL - WORKERS' COMPENSATION |
| DISPOSITION: | REVERSED AND REMANDED - 05/02/2023 |
| MOTION FOR REHEARING FILED: | |

## CONSOLIDATED WITH

## NO. 2022-WC-00207-COA

**PATRICIA SMITH PARKER**                                          **APPELLANT**

**v.**

**CANTON MANOR AND MISSISSIPPI HEALTH**           **APPELLEES**
**CARE ASSOCIATION**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/01/2022 |
| TRIBUNAL FROM WHICH APPEALED: | MISSISSIPPI WORKERS' COMPENSATION COMMISSION |
| ATTORNEYS FOR APPELLANT: | BENNIE L. JONES JR. ROBERTA LYNN HAUGHTON |
| ATTORNEYS FOR APPELLEES: | BETTY B. ARINDER LANA E. GILLON |
| NATURE OF THE CASE: | CIVIL - WORKERS' COMPENSATION |
| DISPOSITION: | REVERSED AND REMANDED - 05/02/2023 |

MOTION FOR REHEARING FILED:

**EN BANC.**

**WILSON, P.J., FOR THE COURT:**

¶1.     Patricia Smith Parker filed two workers' compensation claims.  She alleged that she had been injured in two workplace incidents and that the disabling character of her injuries did not become apparent until less than two years before she filed her claims.  Accepting those allegations as true, Parker's claims are not barred by the applicable two-year statute of limitations.  However, Parker's employer/carrier Canton Manor and the Mississippi Health Care Association (collectively, "Canton Manor") moved to dismiss Parker's claims, arguing that they were time-barred.  Although Canton Manor presented no evidence in support of its affirmative defense, the Workers' Compensation Commission accepted Canton Manor's argument and dismissed Parker's claims.  We hold that the Commission erred by dismissing Parker's claims because Parker alleged facts that, if true, were sufficient to bring her claims within the statute of limitations, and Canton Manor presented no evidence to meet its burden of proving its affirmative defense.  Therefore, we reverse the Commission's orders and remand for further proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

¶2.     On June 7, 2021, Parker filed two petitions to controvert with the Commission.  Her first petition alleged that on December 11, 2018, while she was employed at Canton Manor, a nursing home, she "was grabbed around her neck and thrown to the floor by a resident," and the resident "grabbed her by her neck [again] as she tried to get up."  Parker alleged that

2

she "experienced discomfort immediately after the incident." However, Parker alleged that she did not begin to experience "severe pain . . . due to the totality of [this and other] previous injuries" until May 3, 2020. Parker also alleged that her period of temporary disability began on May 3, 2020.

¶3. Parker's second petition alleged that on April 18, 2019, while she was employed at Canton Manor, "[a] resident hit her shoulder with excessive force." Parker alleged that her "shoulder was injured and bruised[,] . . . and she experienced extreme burning." However, Parker alleged that she did not begin to experience "severe pain . . . due to the totality of [this and other] previous injuries" until May 3, 2020. Parker also alleged that her period of temporary disability began on May 3, 2020.

¶4. Canton Manor answered and alleged that Parker's claims were barred by the statute of limitations. Canton Manor then filed nearly identical one-page motions to dismiss, arguing the statute of limitations barred Parker's claims because each was filed more than two years after the date of her injury, and no compensation had been paid. *See* Miss. Code Ann. § 71-3-35(1) (Rev. 2021). In response, Parker argued that her claims were timely because each was filed within two years of the time when the compensable nature of her injury became reasonably apparent to her. Neither party submitted any evidence or requested an evidentiary hearing. A telephonic hearing was held before the administrative judge (AJ) but was not transcribed. The AJ then issued nearly identical orders dismissing each case. The AJ found that Parker "was fully aware that she sustained an injury at work on" the date of each underlying incident, that neither injury was "a latent injury," and that the statute of

3

limitations barred both claims.

¶5.     Parker filed a petition for review by the full Commission in both cases, and Canton Manor responded.  Canton Manor attached minutes from its "Safety Committee" meeting dated December 28, 2018, as Exhibit A to its response in the first case.  According to Canton Manor, the minutes document the December 2018 incident involving Parker as follows: "resident playing too rough & staff & resident went to floor."  Canton Manor attached an employee incident report dated April 1, 2019, as Exhibit A to its response in the second case. According to Canton Manor, the incident report documents the April 2019 incident involving Parker, although it does not match the date alleged in Parker's petition.  The incident report states that a resident "hit" Parker, resulting in "redness/swelling to [Parker's] right upper arm."  Canton Manor did not file a motion to introduce additional evidence before the full Commission, as required by the Commission's rules.  *See* Miss. Workers' Comp. Comm'n Proc. R. 9; *Short v. Wilson Meat House LLC*, 36 So. 3d 1247, 1254 (¶¶34-35) (Miss. 2010). The Commission subsequently entered one-page orders affirming the AJ's decisions and dismissing Parker's claims with no additional analysis.  Parker appealed from both final judgments, and this Court consolidated her two appeals.

**ANALYSIS**

¶6.     The sole issue in this appeal is whether the Commission properly dismissed Parker's claims because they are barred by the statute of limitations.[1]  In general, a workers'

---

[1] In general, we review the decision of the Commission, not the AJ.  *Sheffield v. S.J. Louis Constr. Inc.*, 285 So. 3d 614, 618 (¶8) (Miss. 2019).  However, we review the AJ's decision when, as in this case, the Commission summarily affirmed the AJ "without additional analysis." *Duren v. Effex Mgmt. Sols. LLC*, 342 So. 3d 481, 488 (¶31) (Miss. Ct.

4

compensation claim must be "filed . . . within two (2) years from the date of the injury." Miss. Code Ann. § 71-3-35(1). However, the Mississippi Supreme Court has held that "[t]he word 'injury' in the two-year statute refers to a *compensable injury*." *Quaker Oats Co. v. Miller*, 370 So. 2d 1363, 1365 (Miss. 1979) (emphasis added) (quoting *Pepsi Cola Bottling Co. of Tupelo Inc. v. Long*, 362 So. 2d 182, 185 (Miss. 1978)). Therefore, "the statute of limitations does not begin to run until by reasonable care and diligence it is discoverable and apparent that a compensable injury has been sustained." *Id.* (quoting *Tabor Motor Co. v. Garrard*, 233 So. 2d 811, 814 (Miss. 1970)). The Supreme Court has further clarified that a "compensable injury" is a "*disabling injury*" that occurred at work. *Id.* at 1366 (emphasis added). Thus, if an employee suffers an injury that "initially [seems] insignificant, but . . . progresse[s] over a period of time to disabling proportions," the statute of limitations does "not begin to run until the disabling characteristics of the work-related injur[y] . . . bec[o]me known." *Id.* As this Court has explained, "[c]ertainly there is no purpose in encouraging the filing of a claim when a minor injury occurs during employment that does not seem to have any long-term significance." *Cooper v. Miss. Dep't of Rehab. Servs.*, 937 So. 2d 51, 54 (¶16) (Miss. Ct. App. 2006). The injury in this scenario is known as a "progressive injury." *Baker v. IGA Super Valu Food Store*, 990 So. 2d 254, 260 (¶19) (Miss. Ct. App. 2008).[2]

App. 2022) (quoting *Mabus v. Mueller Indus. Inc.*, 205 So. 3d 677, 682 (¶21) (Miss. Ct. App. 2016)).

[2] Our cases refer to both "latent" and "progressive" injuries, sometimes using the terms almost interchangeably. *See, e.g.*, *Smith v. Nissan N. Am.*, 102 So. 3d 321, 323 (¶16) (Miss. Ct. App. 2012); *Shipp v. Thomas & Betts*, 13 So. 3d 332, 334 (¶8) (Miss. Ct. App. 2009). The Supreme Court has stated that "[a] latent injury is an injury that a reasonably prudent man would not be aware of at the moment it was sustained." *J.H. Moon & Sons Inc.*

¶7.     "Generally, the time when [a compensable] injury becomes reasonably apparent is an issue of fact for the Commission to determine." *Smith*, 102 So. 3d at 323 (¶16).  And "[w]e are bound by the Commission's findings of fact when that decision is based upon substantial evidence."  *Id.*    But in this case, the Commission's decision was not based on *any* "evidence," substantial or otherwise.  As discussed above, Canton Manor filed a single-page "Motion to Dismiss" in each case.  Canton Manor did not submit any evidence in support of its motions but simply argued that Parker's claims were barred by the statute of limitations based on Parker's own allegations.[3]

¶8.     Canton Manor's motion was in substance a motion to dismiss for failure to state a claim.  In essence, Canton Manor's argument was that Parker's "allegations, taken as true," "show that relief is barred by the applicable statute of limitations."[4]  In a typical case, if a

---

*v. Johnson*, 753 So. 2d 445, 448 (¶15) (Miss. 1999) (distinguishing the claimant's "progressive injury" from a truly "latent injury").  In this case, the term "progressive injury" seems more appropriate because Parker clearly understood that she had suffered some injury at the time of each underlying incident, but she alleges that her injuries seemed relatively minor at the time and only later progressed to become disabling.  In any event, the relevant legal issue is the same regardless of which term we use.  "When [*either*] latent *or* progressive injuries are involved, the time for filing a compensation claim under the two-year statute of limitations 'runs from the time a compensable injury becomes reasonably apparent.'"  *Smith*, 102 So. 3d at 323 (¶16) (emphasis added) (brackets omitted) (quoting *Tabor Motor Co.*, 233 So. 2d at 817).

[3] As noted above, Canton Manor attached a document to each of its responses to Parker's petitions for review by the full Commission.  However, Canton Manor failed to file a motion to submit additional evidence, as required by the Commission's rules.  Moreover, neither document contradicted Parker's allegations.

[4] *Jones v. Bock*, 549 U.S. 199, 215 (2007) ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief.  If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the

plaintiff *alleges* facts sufficient to bring her claims within the statute of limitations, the court cannot grant a motion to dismiss based on the statute of limitations.[5] "[A] complaint should not be dismissed based on the statute of limitations unless it appears beyond any doubt that the plaintiff will be unable to prove any set of facts under which her complaint was filed within the limitations period." *Robinson v. Singh*, 303 So. 3d 65, 73 (¶27) (Miss. Ct. App. 2020), *cert. denied*, 303 So. 3d 420 (Miss. 2020). This is because on a motion to dismiss for failure to state a claim—including a motion based on the statute of limitations—"[t]he [c]ourt must accept the allegations in the complaint as true and consider only whether *any* set of facts could support [the plaintiff's] action." *McGowen*, 319 So. 3d at 1088 (¶5) (quoting *City of Vicksburg v. Williams*, 191 So. 3d 1242, 1244 (¶7) (Miss. 2016)).

¶9.     We further note that Parker was under no burden to submit evidence in response to Canton Manor's motions to dismiss. As this Court recently explained, "a motion to dismiss . . . tests the sufficiency of the allegations in the complaint, not the plaintiff's 'proof.' . . . A complaint should not be dismissed . . . unless the plaintiff fails to *allege* facts that would support a claim; at this stage, we must assume that there is proof of the complaint's well-pled factual allegations." *White v. White*, 355 So. 3d 233, 242-43 (¶26) (Miss. Ct. App. 2022),

statute of limitations any less an affirmative defense[.]").

[5] *See, e.g.*, *McGowen v. Roman Cath. Diocese of Biloxi*, 319 So. 3d 1086, 1090 (¶¶10-11) (Miss. 2021) (holding that a complaint could not be dismissed based on the statute of limitations because the plaintiff "alleged a latent injury," and his allegations had to be taken "as true" in the context of a motion to dismiss); *Est. of Johnson ex rel. Shaw v. Graceland Care Ctr. of Oxford LLC*, 41 So. 3d 692, 696 (¶¶13-15) (Miss. 2010) (holding that complaints could not be dismissed based on the statute of limitations because on a motion to dismiss, the court was bound to accept "as true" plaintiffs' *allegations* that their decedents remained under the disability of unsoundness of mind until their deaths).

7

*cert. denied*, 355 So. 3d 774 (Miss. 2023). Therefore, the non-moving party "has no burden of proof" in responding to a motion to dismiss. *Id.* at 242 n.6 (quoting *Metrolis v. Mugshots Tupelo LLC*, No. 1:16-cv-109-SA-DAS, 2016 WL 6952121, at *3 (N.D. Miss. Nov. 28, 2016)). Moreover, regardless of a case's procedural posture, "the plea of statute of limitations is an affirmative defense *for which the party asserting it has the burden of proof.*" *Huss v. Gayden*, 991 So. 2d 162, 165 (¶4) (Miss. 2008) (emphasis added).

¶10. Because no evidence was presented in this case, and because the Commission did not make any findings of fact based on evidence, our deferential "substantial evidence" standard of review does not apply. Rather, in both of these now-consolidated cases, the Commission granted a "Motion to Dismiss" after concluding that Parker's own allegations established that her claims were barred by the statute of limitations. Such a ruling presents a question of law, which we review de novo.[6] Moreover, "all of the allegations in the [petitions to controvert] must be taken as true," and the case shall not be dismissed "unless it appears beyond doubt that [Parker] will be unable to prove any set of facts in support of [her] claim." *Est. of Johnson*, 41 So. 3d at 694 (¶9) (quotation marks omitted).

¶11. We recognize, of course, that the Commission is not "bound . . . by technical or formal rules or procedure, except as provided by [the Workers' Compensation Law]." Miss. Code Ann. § 71-3-55(1) (Rev. 2021). And, as this Court has stated, "[t]he Commission's

___

[6] *See Est. of Johnson*, 41 So. 3d at 694 (¶9) ("This Court reviews a motion to dismiss de novo."); *Rollins v. Hinds Cnty. Sheriff's Dep't*, 306 So. 3d 702, 703 (¶6) (Miss. 2020) (In an appeal from the Commission, "[w]e review questions of law de novo."); *Weeks v. Miss. Coll.*, 749 So. 2d 1082, 1086 (¶19) (Miss. Ct. App. 1999) ("The manifest error/substantial evidence rules have no application to our appellate review of . . . questions [of law].").

procedural rules are obviously less formal than those of a trial court." *Mid-Delta Home Health Inc. v. Robertson*, 749 So. 2d 379, 387 (¶29) (Miss. Ct. App. 1999). Nonetheless, no law or rule authorizes the Commission to summarily dismiss a petition to controvert based on the employer's assertion of an affirmative defense when (a) the claimant's allegations, if true, are sufficient to negate the affirmative defense, and (b) the employer offers no evidence in support of its affirmative defense. In other words, there is no authority supporting summary dismissal of a petition to controvert that, on its face, states a claim upon which relief can be granted. In this scenario, the only proper ruling is to deny the motion to dismiss without prejudice to the employer's right to prove its affirmative defense at an evidentiary hearing. *See Cooper's Inc. of Miss. v. Long*, 224 So. 2d 866, 870 (Miss. 1969) ("[T]he [C]ommission may, in its discretion, relax . . . rules or procedural technicalities in order to more fully develop the facts," but "a total disregard of time honored guide lines and rules would be violative of due process.").

¶12. In the present case, Parker alleged in her petitions to controvert that she did not experience "severe pain" and that her injuries did not become disabling until May 3, 2020, and she filed her claims less than two years after that date. Parker does state that she "experienced discomfort," bruising, redness, and burning after the two underlying workplace incidents. However, discomfort and bruising do not necessarily amount to a "compensable" or "disabling injury"—and therefore do not, as a matter of law, trigger the two-year statute of limitations. *Quaker Oats Co.*, 370 So. 2d at 1365-66. As this Court has stated, we do not require an employee to "fil[e] a claim when a minor injury occurs during employment that

does not seem to have any long-term significance." *Cooper*, 937 So. 2d at 54 (¶16). Parker has alleged that she filed her claims within two years of the date on which the disabling or compensable character of her injury became reasonably apparent to her. Therefore, the Commission erred by summarily dismissing her claims without any sort of evidentiary hearing. Accordingly, we reverse the Commission's order and remand these consolidated cases without prejudice to Canton Manor's right to present evidence in support of its affirmative defense.[7]

¶13. **REVERSED AND REMANDED.**

**CARLTON, P.J., GREENLEE, McDONALD, LAWRENCE, McCARTY, SMITH AND EMFINGER, JJ., CONCUR. BARNES, C.J., AND WESTBROOKS, J., CONCUR IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**

---

[7] The parties and the AJ may, of course, agree to bifurcate the hearing and first litigate the question whether the statute of limitations bars Parker's claims. *See* John R. Bradley & Linda A. Thompson, *Mississippi Workers' Compensation Law* § 6:27, at 334 (2022 ed.).