# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-WC-00814-COA

**FRANKLIN THOMAS, JR.**                                              **APPELLANT**

**v.**

**INTERNATIONAL PAPER COMPANY**                                      **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 06/04/2024 |
| TRIBUNAL FROM WHICH APPEALED: | MISSISSIPPI WORKERS' COMPENSATION COMMISSION |
| ATTORNEY FOR APPELLANT: | ANNIE L. AMOS |
| ATTORNEY FOR APPELLEE: | MALISSA WILSON |
| NATURE OF THE CASE: | CIVIL - WORKERS' COMPENSATION |
| DISPOSITION: | AFFIRMED - 08/26/2025 |
| MOTION FOR REHEARING FILED: | |

**BEFORE WILSON, P.J., WESTBROOKS AND LASSITTER ST. PÉ, JJ.**

**WILSON, P.J., FOR THE COURT:**

¶1.     Franklin Thomas Jr. injured his back at work and later filed a petition to controvert with the Workers' Compensation Commission. Following discovery and a hearing, the administrative judge (AJ) dismissed Thomas's petition, finding that it was barred by the two-year statute of limitations. Thomas petitioned the Commission for review, and the Commission affirmed the AJ's decision. Because substantial evidence supports the Commission's decision, we likewise affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     In 1995, Thomas slipped and fell while working as a stock prep helper at International Paper (IP). The fall resulted in a back injury that led to four surgeries—one in 1995, another in 2001, and two in 2018. IP paid all medical expenses related to the 1995 injury. Thomas

continued working at IP after the injury and began an apprenticeship as an electrician. He eventually moved into a leadership role as a department leader and journeyman electrician, a position in which he remains employed today.

¶3. Thomas testified that on February 25, 2020, he was moving a "Black Diamond tool" when he "heard a pop" in his back and "felt immediate . . . back pain." He informed his supervisor and the company nurse. Thomas iced his back, took some ibuprofen, and rested for a couple of hours. He eventually finished his shift, but his back pain persisted and "continued to worsen over time." On November 2, 2020, Thomas underwent an MRI on his lower back. The MRI revealed "postsurgical changes at the L3-L4 level consistent with decompression and fusion," as well as "advanced" and "significant" spondylosis. The physician recommended physical therapy, but Thomas "want[ed] the problem fixed" and opted for surgery. On October 20, 2021, he underwent an open transforaminal lumbar interbody fusion surgery, a procedure similar to his prior back surgeries.

¶4. On May 16, 2022, Thomas filed a petition to controvert related to his February 25, 2020 injury.[1] IP answered and filed a motion to dismiss, arguing that Thomas's petition was barred by the statute of limitations because it was filed over two years from his February 2020 injury. Miss. Code Ann. § 71-3-35(1) (Rev. 2021). IP also contended that Thomas had not suffered a latent injury because he felt a "pop" in his back and immediately notified his supervisor and the company nurse about significant pain in his back. Accordingly, IP argued

---

[1] Thomas previously filed a petition to controvert on January 31, 2022. That petition listed the date of injury as the date of Thomas's original injury—April 22, 1995. The AJ later noted that IP "accepted that claim as compensable and ha[d] paid indemnity under that claim based upon the 1995 rate of compensation." That claim is not at issue in this appeal.

that the statute of limitations for any claim arising on February 25, 2020, began to run on that day. In response, Thomas argued that he had sustained a "latent injury because [he] was not aware of the possibility of another injury" and did not realize "the extent of the injury" until he saw a specialist and underwent an MRI in November 2020. Thomas argued the petition was not time-barred because his injury was not "reasonably apparent" until the November 2020 MRI. The AJ denied IP's motion to dismiss without prejudice, citing this Court's decision in *Parker v. Canton Manor*, 373 So. 3d 1036 (Miss. Ct. App. 2023), *cert. denied*, 404 So. 3d 1134 (Miss. 2023). The AJ concluded that because Thomas's petition sufficiently *alleged* a "latent injury," IP's motion should be denied "without prejudice to [IP's] right to present evidence in support of its affirmative defense."

¶5. In Thomas's subsequent deposition, he testified that as a result of his April 1995 injury and subsequent surgeries, he experiences constant back pain. He stated that he is "in pain all the time." Through the years, doctors managed his pain with injections. However, these treatments would only alleviate his pain for about "two weeks" before increasing "right back up there where it was" prior to the treatment. On his "good days," he described the pain as a "six," but he said on his "worst" days, the pain was "ten, eleven, twelve, fifteen, high as you can get." Thomas testified that once the injections became less effective and the pain was at a "fifteen," he would opt for surgery. Between 1995 and 2018, Thomas received numerous injections and underwent four back surgeries.

¶6. Thomas said that on February 25, 2020, he was picking up some machinery when he felt "a sharp pain" in his lower back "in the same spot" as his 1995 injury. He described the

pain as "over 10" on a scale of one to ten. He "stayed in the office a few hours" to rest and ice his back. He took ibuprofen, which brought the pain "down just a little bit," but he stated that the type of pain he was experiencing would not "go away in one day" and "takes weeks" to subside. He stated that the pain from his February 2020 injury "was worse" than the pain he experienced after his April 1995 injury. He testified that he "assumed" that "any further issues with [his] back . . . would be covered under workers' comp." Thomas stated that he did not believe there was any "relationship" between his April 1995 injury and his February 2020 injury. He testified, "[The February 2020 injury] happened in 2020 when I picked up something. I don't think that had to do nothing with [the 1995 injury]."

¶7.     IP filed a second motion to dismiss based on Thomas's deposition testimony. The AJ held a telephonic hearing on the motion, but the hearing was not transcribed. The parties stipulated the motion could be decided without live testimony based on the evidence submitted with IP's motion and Thomas's response. The AJ found that Thomas's claim was barred by the two-year statute of limitations because Thomas was aware of the probable compensable character of the injury on the date it occurred.

¶8.     Thomas filed a petition for review with the full Commission, arguing that he was not aware of a compensable injury until he underwent the MRI in November 2020.

¶9.     The Commission affirmed the AJ's ruling and provided additional analysis. *Thomas v. Int'l Paper Co.*, No. 2204076-R-6159, 2024 WL 3014695, at *1 (Miss. Workers' Comp. Comm'n June 4, 2024). The Commission agreed with the AJ that Thomas "did not suffer from a latent injury." *Id.* at *2. Like the AJ, the Commission emphasized Thomas's

4

testimony that his "February 25, 2020, back injury was immediately and severely painful. He reported his injury on the day it occurred and sought medical treatment from the plant nurse that day. Importantly, on the day the injury occurred, Thomas thought it would be covered by workers' compensation." *Id.* The Commission also noted that after the AJ dismissed his claim, "Thomas began to make a different argument," namely, that he had suffered a "*progressive* injury" rather than a "latent injury." *Id.* (emphasis added). The Commission found that Thomas's new argument was procedurally barred because he failed to raise the issue before the AJ. But the Commission also ruled that even if Thomas had "timely made this argument, the result would be the same." *Id.* at *3. The Commission found that "Thomas did not suffer from a progressive injury" "because it did not seem minor at the time. At the time of the accident, Thomas reported his pain as being 'over 10' on a scale of 1 to 10—hardly minor." *Id.*

¶10. On appeal, Thomas argues that the Commission erred (a) by ruling that his argument that he had sustained a "progressive injury" was procedurally barred and (b) by finding that he had not sustained a progressive injury.

**ANALYSIS**

¶11. "The standard of review in workers' compensation cases is limited. The substantial evidence test is used." *Weatherspoon v. Croft Metals Inc.*, 853 So. 2d 776, 778 (¶6) (Miss. 2003). "The . . . Commission is the trier and finder of facts in a compensation claim." *Id.* We will reverse the Commission's decision "only for an error of law or an unsupported finding of fact." *Id.* "Reversal is proper only when a Commission order is not based on

substantial evidence, is arbitrary or capricious, or is based on an erroneous application of the law." *Id.* "The deference granted the Commission by this Court's standard of review means that this Court cannot set aside a Commission's decision that is supported by substantial credible evidence, even if conflicting evidence exists and even if this Court may have found the facts otherwise if it were the trier of facts." *Sheffield v. S.J. Louis Constr. Inc.*, 285 So. 3d 614, 618 (¶8) (Miss. 2019).

¶12. In *Parker*, this Court summarized the law regarding the statute of limitations and "progressive" injuries as follows:

> In general, a workers' compensation claim must be "filed within two (2) years from the date of the injury." Miss. Code Ann. § 71-3-35(1). However, the Mississippi Supreme Court has held that "the word 'injury' in the two-year statute refers to a *compensable injury*." *Quaker Oats Co. v. Miller*, 370 So. 2d 1363, 1365 (Miss. 1979) (emphasis added) (quoting *Pepsi Cola Bottling Co. of Tupelo Inc. v. Long*, 362 So. 2d 182, 185 (Miss. 1978)). Therefore, "the statute of limitations does not begin to run until by reasonable care and diligence it is discoverable and apparent that a compensable injury has been sustained." *Id.* (quoting *Tabor Motor Co. v. Garrard*, 233 So. 2d 811, 814 (Miss. 1970)). The Supreme Court has further clarified that a "compensable injury" is a "*disabling injury*" that occurred at work. *Id.* at 1366 (emphasis added). Thus, if an employee suffers an injury that "initially seems insignificant, but progresses over a period of time to disabling proportions," the statute of limitations does "not begin to run until the disabling characteristics of the work-related injury become known." *Id.* As this Court has explained, "certainly there is no purpose in encouraging the filing of a claim when a minor injury occurs during employment that does not seem to have any long-term significance." *Cooper v. Miss. Dep't of Rehab. Servs.*, 937 So. 2d 51, 54 (¶16) (Miss. Ct. App. 2006). The injury in this scenario is known as a "progressive injury." *Baker v. IGA Super Valu Food Store*, 990 So. 2d 254, 260 (¶19) (Miss. Ct. App. 2008).

*Parker*, 373 So. 3d at 1039 (¶6) (brackets and ellipses omitted).

¶13. In *Parker*, we noted that some of our cases had used the terms "latent injury" and

"progressive injury" "almost interchangeably." *Id.* at 1039 n.2 (citing *Smith v. Nissan N. Am.*, 102 So. 3d 321, 323 (¶16) (Miss. Ct. App. 2012)). We explained the distinction between a latent injury and a progressive injury as follows:

> The Supreme Court has stated that "a latent injury is an injury that a reasonably prudent man would not be aware of at the moment it was sustained." *J.H. Moon & Sons Inc. v. Johnson*, 753 So. 2d 445, 448 (¶15) (Miss. 1999). In this case, the term "progressive injury" seems more appropriate because Parker clearly understood that she had suffered some injury at the time of each underlying incident, but she alleges that her injuries seemed relatively minor at the time and only later progressed to become disabling. In any event, the relevant legal issue is the same regardless of which term we use. "When *either* latent *or* progressive injuries are involved, the time for filing a compensation claim under the two-year statute of limitations 'runs from the time a compensable injury becomes reasonably apparent.'" *Smith*, 102 So. 3d at 323 (¶16) (emphasis added) (quoting *Tabor Motor Co.*, 233 So. 2d at 817).

*Parker*, 373 So. 3d at 1039 n.2 (brackets and other parenthetical information omitted).

¶14. "Generally, the time when a compensable injury becomes reasonably apparent is an issue of fact for the Commission to determine." *Id.* at 1040 (¶7) (brackets omitted) (quoting *Smith*, 102 So. 3d at 323 (¶16)). "And 'we are bound by the Commission's findings of fact when that decision is based upon substantial evidence.'" *Id.* (brackets omitted) (quoting *Smith*, 102 So. 3d at 323 (¶16)).[2]

---

[2] In *Parker*, we reversed and remanded the case for further proceedings because "the Commission's decision was not based on *any* 'evidence,' substantial or otherwise." *Parker*, 373 So. 3d at 1040 (¶7). We held that because Parker had *alleged* facts that, if true, brought her claim within the statute of limitations, the Commission erred by summarily dismissing her claim without any evidence and based solely on the employer's legal arguments. *See id.* at 1040-42 (¶¶7-12); *see also Yazoo Mfg. Co. v. Schaffer*, 254 Miss. 35, 50, 179 So. 2d 784, 791 (1965) ("When the Workmen's Compensation Commission dismisses a claim and proceeding without taking testimony, we shall assume that the claimant could prove all facts set out in his claim."). In this case, the AJ carefully followed our decision in *Parker* by denying IP's initial motion to dismiss without prejudice to IP's right to present evidence in support of its affirmative defense.

¶15.   In this case, the Commission found that Thomas "did not suffer a progressive injury" because Thomas himself testified that the injury "did not seem minor at the time" and described "his pain as being 'over 10' on a scale of 1 to 10."  In addition, the Commission emphasized that Thomas "had suffered a similar, less painful injury to the same spinal area years earlier for which he received workers' compensation benefits," and Thomas "testified that on the day of the injury, he thought it would be covered by workers' compensation."  Based on these facts, the Commission found that Thomas did not suffer a progressive injury because "it was reasonably apparent on the day [the injury] occurred that it would be compensable."

¶16.   "[W]e are bound by the Commission's findings of fact" because they are "based upon substantial evidence." *Smith*, 102 So. 3d at 323 (¶16).  Therefore, the Commission's decision finding that Thomas's petition is barred by the statute of limitations is **AFFIRMED**.[3]

**BARNES, C.J., CARLTON, P.J., WESTBROOKS, McDONALD, LAWRENCE, McCARTY, EMFINGER, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR.**

---

[3] Because substantial evidence supports the Commission's finding, we need not address the Commission's determination that Thomas waived his argument that he had sustained a "progressive injury."  However, we again note that our cases have used the terms "latent injury" and "progressive injury" "almost interchangeably" and that "the relevant legal issue is the same regardless of which term [is] use[d]." *Parker*, 373 So. 3d at 1039 n.2.